Ruff's Adm'r. *D. B. N. vs.* Bull—December, 1825.

When the statute of limitations once begins to run, no subsequent circumstance stops its operation. It does not however begin to operate unless there is a person in *esse* competent to sue.

Appeal from *Harford* County Court. This was an action of debt, brought the 3d of March 1819, on a single bill, dated the 19th of January 1799, executed by the defendant, (now appellee,) in favour of *Hannah Ruff,* (since deceased,) for £66 10 8, and payable on demand. The question in the case grew out of the

pleadings, and they are sufficiently stated by the judge who delivered the opinion of this court. The county court rendered judgment for the defendant, and the plaintiff appealed to this court.

The cause was argued before Buchanan, Ch. J. and Earle, Stephen, and Dorsey, J.

*Maulsby,* and *Speed,* for the Appellant, contended, 1. That the statute of limitations did not begin to run in this case until the children of the plaintiff's intestate, or one of them, attained full age. 2. That if the statute began to run, its operation was suspended by a want of parties capable of bringing suit. 3. That before the expiration of twelve years from the date of the single bill in suit, the administrator died, and the defendant was appointed and acted as guardian to the infant children, (in whom the interest had vested,) at a time when there was no administration, and that he should not be permitted to profit by his neglect to pay the debt, and fraudulently to shelter himself under the statute. They referred to *South Sea Company vs. Wymondsell,* 3 *P. Wms.* 143. *Bree vs. Holbeck,* 2 *Doug.* 656. *Reeves's Dom. Rel.* 327, 335, 336. *Cowper vs. Scott,* 3 *P Wms.* 119. *Cary vs. Bertie,* 2 *Vern.* 342. 4 *Bac. Ab.* tit. *Limitation of Actions,* (D 4) 476. *Faw vs. Roberdeau,* 3 *Cranch,* 174.

*Mitchell,* for the Appellee, cited 4 *Bac. Ab.* tit. *Limitation of Actions,* (E 4) 479. *Wilcocks vs. Huggins,* 2 *Stra.* 907. *Hickman vs. Walker, Willes,* 27; and *Peck vs. Randall's Trustees,* 1 *Johns. Rep.* 165.

Stephen, J. delivered the opinion of the court. This is an action of debt, instituted by *Richard H. Ruff,* administrator *de bonis non* of *Hannah Ruff,* against *William Bull,* on a single bill, bearing date on the 19th of January 1799, payable on demand. To which action the defendant has pleaded the statute of limitations, that the debt or thing in action had been above twelve years standing before the institution of the suit. To this plea the plaintiff replied, that it ought not to be sustained, because *Hannah Ruff,* the obligee, died the 10th of September 1801, leaving two children who were minors; and that letters of administration on the estate of *Hannah Ruff* were granted to

*Henry Watters* on the 30th of October 1801, and that on the 20th of July 1805, *Henry Watters* also departed this life. That on the 14th of November 1810, *William Bull,* the defendant, was appointed guardian to the minor children of *Hannah Ruff,* who were entitled to the whole of her personal estate, but that no administration *de bonis non* on her estate, after the death of *Henry Watters,* the first administrator, was granted until the 25th of August 1818, when letters were granted to *Richard Ruff,* the plaintiff in this suit; and that twelve whole years had not elapsed from the date of the bill, or the time it became due, prior to the commencement of this action, if the time is deducted during which there was no administration, from the whole time which has elapsed; and that the defendant ought not to avail himself of the time which elapsed during the time he was guardian to the infant children who were entitled to the money when recovered. To this replication there was a demurrer; and the question is, whether the demurrer is sustainable in point of law? The single bill, upon which the action is founded, bears date on the 19th of January 1799, and is payable on demand, and the obligee did not die before the 10th of September 1801. More than two years elapsed, after the cause of action accrued, before the death of the party to whom the writing obligatory was given, who might have enforced the payment of the money in her life-time if she had been disposed to do so. In a few weeks after her death, letters of administration were granted to *Henry Watters,* who did not die till 1805. During the period of his administration he also declined the issuing of legal process for the recovery of the claim, and no action was brought for that purpose until the present plaintiff was appointed administrator in the year 1818. It then appears, that a right of action existed for more than two years, which might have been enforced by *Hannah Ruff* in her life-time, and that her administrator had the power of compelling payment for a period of more than three years before he died. The principle of law is indisputable, that when the statute of limitations once begins to run, nothing will stop or impede its operation. It never does attach unless there be some person in being competent to sue, but when that is the case the legal bar to the recovery of the money will arise, unless legal steps are

adopted to enforce payment within the period prescribed by law. In support of this principle, see 4 *Bacon's Abr.* 479. *Doe vs. Jones,* 4 *Term Rep.* 301. *Peck vs. Randall's Trustees,* 1 *Johns. Rep.* 165, where the general rule is laid down to be, that when the statute of limitations once begins to run, it continues to run, notwithstanding any subsequent disability.

JUDGMENT AFFIRMED.