BURKET *v.* ALDRIDGE, ADM'R

[No. 174, September Term, 1965.]

*Decided February 15, 1966.*

The cause was argued before PRESCOTT, C. J., and HORNEY, MARBURY, OPPENHEIMER and BARNES, JJ.

*Samuel D. Hill,* with whom were *Buckmaster, White, Mindel & Clarke* and *Richard E. Zimmerman* on the brief, for appellant.

*James McSherry,* with whom were *McSherry & Burgee* and *Frederick J. Bower* on the brief, for appellee.

OPPENHEIMER, J., delivered the opinion of the Court.

On September 8, 1964, the appellant Charles Burket (Burket) filed a suit in the Circuit Court for Frederick County against William Thomas Smith, Jr. (Smith) alleging that Smith on September 11, 1961, through the negligent operation of an automobile, caused Burket serious personal injuries and property damage. The summons was returned "mortuus est", Smith having died on December 29, 1963. Neither Burket nor his attorneys had known of Smith's death. On November 19, 1964, David E. Aldridge, the appellee, (the Administrator) was appointed Administrator of Smith's estate by the Orphans' Court for Frederick County at the instance of Burket's at-

torneys. On December 28, 1964, the Administrator suggested Smith's death to the court and asked leave, which was granted, to be substituted as defendant. The Administrator pleaded limitations and that Smith did not commit the wrongs alleged, and moved for summary judgment on the ground of the Statute of Limitations. Judge Clapp found that the facts were not in dispute on the question and granted the motion. Burket appealed.

The question presented is whether Burket's action is barred by the three year period of limitations, Code (1964 Repl. Vol.) Article 57, Section 1, because his suit against Smith, while filed a few days before the expiration of the three year period from the date of the accident, was filed after Smith's death or whether the action survives, under Code (1964 Repl. Vol.) Article 93, Section 112, because it was brought within six months after the appointment of the Administrator.

The pertinent provisions of Section 112 are as follows:

> "Executors and administrators * * *; and they shall be liable to be sued in any court of law * * *, in any action (except slander) which might have been maintained against the deceased; * * *; provided, however, that any such action for injuries to the person to be maintainable against an executor or administrator must be commenced within six calendar months after the date of the qualification of the executor or administrator of the testator or intestate."

Burket contends that where the tort-feasor dies within the three year period before suit has been filed against him, the cause of action against the tort-feasor also dies and the three year limitation period is no longer applicable, but a new cause of action against the personal representative is created under Section 112 with the limitation period of six months after qualification of the personal representative. The Administrator contends that the six months period allowed for the filing of suit by Section 112, from the qualification of the executor or administrator of the tort-feasor's estate, does not extend or toll the three year period of limitations. Judge Clapp, in an able opinion, held the suit was barred. We agree.

The language of Section 112 is unambiguous. Executors and

administrators shall be liable to be sued in any action (except slander) "which might have been maintained against the deceased." Under Article 57, Section 1, no action can be maintained against a deceased after three years from the date of the wrong. The action against the personal representative of the deceased tort-feasor must be brought within six months from the date of his appointment, but Section 112 does not provide that the original three year period of limitation is tolled by the death of the tort-feasor, and there is nothing in the Section to indicate that, if action has not been brought against the tort-feasor during his lifetime, it can be brought against his executor or administrator after the three year period has expired, even if it is brought within six months of the appointment of the deceased's personal representative. The Section is to be read in view of the right given by Maryland law for the appointment of an administrator by a person having a claim against the estate, if there are no relations or if those first entitled to letters fail to apply. Code (1964 Repl. Vol.) Article 93, Section 34. *Barton v. Tabler,* 183 Md. 227, 231, 37 A. 2d 266 (1944) and cases therein cited. In the present case, Burket availed himself of this privilege.

Until 1929, actions for personal injuries abated on the death of the tort-feasor. In 1929, the legislature provided that, where the tort-feasor died before suit, an action could be brought against his personal representatives within six months of the tort-feasor's death. In 1949, the six months period of limitation on actions against the personal representative was changed to begin on the representative's qualification instead of on the death of the tort-feasor. In 1953, in making certain amendments not here applicable, the legislature stated in the preamble to the amendatory act that the 1949 law had amended the Section in order to extend the time in which certain suits may be brought against an executor or administrator where there is a delay in the appointment or qualification of the executor or administrator. Laws of Maryland 1953, Ch. 689. As this Court observed in *Chandlee v. Schockley,* 219 Md. 493, 497, 150 A. 2d 438 (1959), "[t]he legislative history of Lord Campbell's Act and Sec. 112 tend to show that the legislative purpose was that the two statutes should have similar meanings and effects. See Ch. 570, Acts of 1929 and Ch. 468, Acts of 1949."

The purpose of this legislation was obviously to correct the injustices occurring under the common law where a tort-feasor had died before the person he had injured had had reasonable opportunity to file his cause of action. Indeed, in the absence of a statutory provision similar to Section 112, some courts have postponed the running of the statute for a reasonable time until the appointment of an executor or an administrator. See *Bauserman v. Blunt,* 147 U. S. 647 (1893) and the State decisions therein discussed. See also, *Developments in the Law— Statutes of Limitations,* 63 Harv. L. Rev. 1177, 1228-29 (1950).

The equitable reasons for the enactment of Section 112, however, do not go to the tolling of the original statute of limitations by reason of the tort-feasor's death. Neither the Section itself as it now stands nor its predecessors contained any such provision. The absence of such a provision takes on added significance in the light of the purposes of Statutes of Limitations.

Those purposes were well expressed in *Order of Railroad Telegraphers v. Railway Express Agency, Inc.,* 321 U. S. 342, 348-49 (1944). Mr. Justice Jackson, in delivering the opinion of the Court, said:

> "Statutes of limitation, like the equitable doctrine of laches, in their conclusive effects are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them."

In *Bertonazzi v. Hillman,* 241 Md. 361, 216 A. 2d 723 (1966), Judge Hammond, for the Court, said as to the six months period of limitation under Section 112:

> "The six-month statute of limitations in suits against executors or administrators has the added purpose of requiring claimants seeking damages resulting from

the negligence of a decedent to make claim by suit within six months so that the personal representative of the decedent can make the prompt settlement of the estate contemplated by the law without liability for claims not filed within the time and in the manner prescribed."

The principle that, when the Statute of Limitations begins to run, nothing will stop or impede its operation, *Ruff v. Bull,* 7 H. & J. 14, 16 (1825) ; *Bauserman, supra,* at 657, while not immutable under all circumstances, see *Chandlee* at 498, is still the general legal approach.

These general principles, applied to the question of statutory construction here involved, re-enforce the conclusion, apparent from the wording of the Section, that the legislature has balanced principles of justice pertaining to both an injured plaintiff and the tort-feasor who caused the injuries. The plaintiff's cause of action no longer abates with the death of the tort-feasor, but the personal representative of the tort-feasor is put in no worse position as to defending stale claims than if the tort-feasor had lived.

The Court's prior decisions dealing with Section 112 are entirely consistent with this construction. In *Chandlee,* the Court held (Judges Henderson and Horney dissenting), that an executor or administrator against whom a claim is asserted by virtue of Section 112 may waive or be estopped to rely on the time limit of the statute, even though the time proviso is part of the right and not merely a limitation of the remedy. *Cornett v. Sandbower,* 235 Md. 339, 201 A. 2d 678 (1964), is to the same effect. In *Chandlee,* it was held that the allegations of the amended declaration sufficiently alleged facts on which, if proved, waiver or estoppel could be found. In *Cornett,* it was held that there was no indication that the delay in filing suit was induced by any action of the administrator. In both *Chandlee* and *Sandbower,* the actions filed against the tort-feasor's personal representative were brought within the three year limitation period from the date of the injuries.

In *Bertonazzi, supra,* the plaintiff had filed suit against the administratrix of the deceased tort-feasor well within the three

year period from the date of the injuries and within the six months period from the date of the qualification of the administratrix, but had filed the suit in Baltimore County, although the administratrix had qualified in the Orphans' Court of Baltimore City. Service of process had been accepted by the lawyer of the administratrix within the six months period from her qualification but a motion to quash on the ground that the administratrix lived in Baltimore City and had qualified there was granted and the suit was dismissed after the six months period had run. We held that, since the Baltimore County Court had jurisdiction of the subject matter and of the parties and since the action had been dismissed only because the defendant chose to assert the personal right given her by the Code because of a mistake in venue, the filing of the suit in Baltimore County, on reason and on the authorities, must be deemed to have interrupted the running of the six months period from the date of its filing to the date of its dismissal. It is to be noted that in *Bertonazzi,* after the dismissal of the suit brought in Baltimore County, another suit against the administratrix was promptly filed in Baltimore City, well within three years from the date of the injuries.

In short, under certain conditions, the six months period under Section 112 can be interrupted or waived just as the original three year period under Article 57, Section 1 can be waived. *Chandlee, supra* at 498. But, absent such conditions, under the Maryland law, whether suit is brought against the tort-feasor during his life-time, or against his personal representative after his death, it must be filed both within three years from the date of the injuries and within six months from the qualification of the personal representative.

In this case, the action filed by Burket against Smith, a few days before the expiration of the three year period from the date of the injuries, had no legal effect. Smith was dead, and an action brought against a dead man is a nullity. *Hunt v. Tague,* 205 Md. 369, 378-79, 109 A. 2d 80 (1954) ; *Chandler v. Dunlop,* 311 Mass. 1, 39 N. E. 2d 969 (1942). Smith's Administrator was appointed after the three year period had run, and, while the Administrator was thereafter substituted as a party defendant, less than two months after his appointment,

the substitution was subsequent to the expiration of the three year period.

Burket contends that Section 112 creates a new cause of action in the injured party against the personal representatives where the death of the tort-feasor occurs within the three year period and before suit has been filed against him. It is true, as *Chandlee* states, that Section 112 created a liability which did not exist in common law; without the statute there would have been no right of action. But this is not to say that the creation of the right to sue the personal representative superseded the Statute of Limitations applicable under Article 57, Section 1.

Burket also argues that the meaning of the phrase of Section 112 making the personal representative liable in any action, except slander, which "might have been maintained against the deceased" has reference only to a situation in which the tort-feasor did not die until after the three year period, since an action could not have been maintained against the deceased after the three year period, if he had lived for that period, but could have been maintained against him in the three years had he not died. The short answer to this contention is that Section 112 contains no such qualification and that such a strained construction is not only contrary to the language of the Section but is inconsistent with the reasons of public policy inherent in the Statute of Limitations.

As Judge Clapp held in his opinion, where an action, as here, is brought against a dead man, the substitution of his personal representative after the expiration of the period of the Statute of Limitations does not relate back to the time of the filing of the original suit so as to prevent the Statute from being a bar to the litigation. *Chandlee v. Dunlop, supra,* cited by the Judge, is on all fours with this holding.

*Order affirmed; costs to be paid by appellant.*