619 A.2d 171

**William WARFEL, Jr., et al.**

**v.**

**Robert W. BRADY, Personal Representative
of the Estate of Robert John Brady.**

**No. 546, Sept. Term, 1992.**

Court of Special Appeals of Maryland.

Jan. 28, 1993.

**2**

Robert G. Skeen (Goldman & Skeen, P.A. on the brief), Baltimore, for appellants.

Kevin P. Murphy (Scherr, Cole & Murphy on the brief), Glen Burnie, for appellee.

Argued before ALPERT, WENNER and FISCHER, JJ.

WENNER, Judge.

Appellants, William Warfel Jr. and Susan Warfel, personal representatives of the estate of William Warfel, have appealed from a judgment of the Circuit Court for Anne Arundel County dismissing their amended complaint against appellee, Robert W. Brady, personal representative of the estate of Robert John Brady. Appellants present six issues for our consideration, which they characterize as follows:

I. That the ruling of Judge Rushworth overturning the decision of Judge Lerner who denied appellee's motion for summary judgment and motion to reconsider

and/or revise the denial of summary judgment violated the law of the case doctrine;

II. In the case at bar appellants filed a *lis pendens* action with the complaint and amended complaint and that with the filing of the *lis pendens* action timely notice was given to the personal representative of the *lis pendens* action and an outstanding claim against the property of the estate;

III. That the filing of a *lis pendens* action creates a sufficient lien against the property of an estate the perfection and enforcement of which cannot be negated by Section 8–103 of the Estates and Trusts Article;

IV. That the standard as set forth in *Tulsa Professional Collection Services, Inc. v. Pope* that executors make "reasonably diligent efforts" to ascertain creditors was not met in the case at bar;

V. That the appellants were not required to file a claim pursuant to Section 8–104(b) & (c) of the Estates and Trusts Article as suit has been filed against the estate of the decedent within nine months of the death of the decedent;

VI. That Section 8–103(a) of the Estates and Trusts Article is unconstitutional in requiring that whether or not reasonably diligent efforts are made by the executor to locate ascertainable creditors claims will be extinguished nine months after the date of death of the decedent or two months after the personal representative mails notice to a creditor.

For ease of discussion and analysis, we have combined issues II. and III., and issues IV. and VI.

Concluding that appellants' amended complaint was properly dismissed, we shall affirm the judgment of the circuit court.

## BACKGROUND

The genesis of this appeal was the death of William Warfel (Warfel), on April 2, 1989. Warfel was the father of

**4**

William Warfel, Jr. and Susan Warfel. According to appellants, Warfel died as the result of an assault and battery committed upon him by Robert John Brady. On April 2, 1990, appellants filed a complaint in the Circuit Court for Anne Arundel County, seeking damages of twenty nine million dollars and establishing *lis pendens* against real property owned by Robert John Brady.

Unfortunately for appellants, the complaint was riddled with inaccuracies and mistakes. The first count was a survival claim on behalf of Warfel. According to the complaint, appellants were the personal representatives of Warfel's estate.[1] Actually, Warfel's estate was not opened and appellants were not appointed personal representatives until May 17, 1991.

Instead of naming Robert John Brady as defendant, appellants' complaint named Robert John *Bray* as defendant. In addition, the address given for the defendant was not Robert John Brady's address. Moreover, when they filed their initial complaint, appellants were not aware that Brady had died on November 24, 1989. In any event, the initial complaint was never served.[2]

Appellee was appointed personal representative of Robert John Brady's estate on April 19, 1990. As required, he published a notice of appointment and notice to creditors on April 25, May 2, and May 9, 1990.[3] The notice to creditors warned that claims not filed within the earlier of nine months from the date of Brady's death, or two months after

---

1. Appellants' amended complaint, filed on December 19, 1990, also named them as personal representatives of the Warfel estate.

2. The record before us indicates that a summons was issued on April 10, 1990, and mailed to appellants' attorney for service. By letter dated May 14, 1990, appellants' attorney returned the summons to the clerk of the circuit court and requested that service be made by the Anne Arundel County Sheriff. There is nothing in the record indicating that service was ever made. Moreover, the record does not reflect how the amended complaint was served.

3. Section 7–103 of Md.Code (1974, 1991 Repl.Vol., 1992 Cum.Supp.) Estates and Trusts Article.

delivery of notice by appellee, would be unenforceable. During that period, appellants filed no claim against Brady's estate.

Appellants learned of Brady's death and filed an amended complaint on December 19, 1990, substituting appellee as defendant. The amended complaint also named the decedent correctly as Robert John *Brady*. Appellee responded to appellants' amended complaint, claiming it was barred by limitations. Appellee subsequently moved for summary judgment, contending that appellants' action was barred by their failure to file a claim with the estate in compliance with § 8–103 of Md.Code, (1974, 1991 Repl.Vol., 1992 Cum. Supp.) Estates and Trusts Article.[4] Appellee also contended that appellants' initial complaint was a nullity because it had been filed against a dead man.

Following a hearing, appellee's motion for summary judgment was denied, as was appellee's motion to reconsider and/or revise the denial of summary judgment.

Thereafter, appellee moved to dismiss appellants' amended complaint, again asserting that it was barred by limitations. A hearing was held on February 3, 1992, and appellee's motion to dismiss was granted.

This appeal followed.

## DISCUSSION

In ruling on appellee's motion to dismiss, the hearing judge received evidence from outside the pleadings and found, as a matter of law, that appellants' complaint was barred by limitations. In doing so, the hearing judge apparently treated appellee's motion to dismiss as a motion for summary judgment. We note that Md. Rule 2–322(c) empowers the court to rule on a motion to dismiss for failure to state a claim upon which relief may be granted as one for summary judgment, when matters outside the pleadings are

---

4. All references are to the Estates and Trusts Article of the Maryland Code, unless otherwise noted.

presented to and considered by the court. A defense of limitations may be raised by a motion to dismiss for failure to state a claim upon which relief may be granted. *Antigua Condo. Ass'n v. Melba Investors Atl., Inc.*, 65 Md.App. 726, 501 A.2d 1359, *vacated and remanded on other gr'ds,* 307 Md. 700, 517 A.2d 75 (1986).

When reviewing a grant of summary judgment, we must determine whether the trial court was legally correct. *Brewer v. Mele,* 267 Md. 437, 298 A.2d 156 (1972), *Hurt v. Stillman & Dolan, Inc.,* 35 Md.App. 644, 371 A.2d 1137 (1977).

### *Issue I.*

■ Appellants first contend that the hearing judge was precluded from considering the issues raised by appellee's motion to dismiss. According to appellants, the issues raised by the motion to dismiss were the same issues previously raised by appellee's motion for summary judgment, and the rulings of the previous hearing judge were the "law of the case." Thus, the subsequent hearing judge had violated the law of the case doctrine by granting appellee's motion to dismiss.

As we observed in *Ralkey v. Minnesota Mining & Mfg. Co.,* 63 Md.App. 515, 492 A.2d 1358 (1985):

"The law of the case doctrine generally provides that a legal rule of decision between the same parties in the same case controls in subsequent proceedings between them. Typically, a ruling by the trial court remains binding until an appellate court reverses or modifies it." (Citations omitted.)

*Id.,* 63 Md.App. at 520, 492 A.2d 1358. *See also, Kline v. Kline,* 93 Md.App. 696, 614 A.2d 984 (1992).

According to Maryland law, the law of the case doctrine applies to decisions finally disposing of the case. *Ralkey, supra,* 63 Md.App. at 521, 492 A.2d 1358. It is beyond cavil that the doctrine has no application to courts of coordinate jurisdiction before entry of a final judgment. *Placido v.*

*Citizens Bank and Trust Co. of Md.,* 38 Md.App. 33, 379
A.2d 773 (1977). Moreover, summary judgment may be
properly granted in a case even though it was denied
earlier. *Joy v. Anne Arundel County,* 52 Md.App. 653, 451
A.2d 1237 (1982), *cert. denied,* 295 Md. 440 (1983).

In the case *sub judice,* the denial of appellee's motion for
summary judgment and to reconsider and/or revise did not
"finally dispose" of the case. Quite the contrary, those
rulings permitted appellants to proceed. The denial of
summary judgment is not a final judgment from which an
appeal may be taken. *See, Melbourne v. Griffith,* 263 Md.
486, 283 A.2d 363 (1971).

In short, the subsequent hearing judge was not precluded
from granting appellee's motion to dismiss. There was no
error.

### Issues II. and III.

As we mentioned earlier, appellants' complaint and
amended complaint sought to establish *lis pendens* and to
enjoin the transfer, conveyance, encumbrance or other dis-
position of real property owned by Robert John Brady.

Issues II. and III. concern whether appellants' attempt to
establish *lis pendens* timely notified appellee of appellants'
claim, and whether it created a lien against real property
belonging to the Brady estate, despite the provisions of
§ 8–103(a). Inasmuch as *lis pendens* applies neither to
appellants' initial complaint nor to appellants' amended com-
plaint, we need not address the specific issues raised by
appellants.

■ *Lis pendens* literally means a pending action; thus,
the doctrine of *lis pendens* concerns the jurisdiction, power,
or control that a court acquires over real property involved
in an action, pending final judgment. 54 C.J.S. Lis Pendens
§ 2 (1987). The doctrine applies only to cases in which the
complaint directly relates to the property, or the ultimate
aim of the complaint is to subject the property to disposal
by a decree of court. *Angelos v. Maryland Casualty Co.,*

38 Md.App. 265, 380 A.2d 646 (1977); *Permanent Fin. Corp. v. Taro,* 71 Md.App. 489, 526 A.2d 611, *cert. granted,* 311 Md. 193, 533 A.2d 670 (1987), *appeal dismissed,* Jan. 26, 1988; *Feigley v. Feigley,* 7 Md. 537 (1855); *Applegarth v. Russell,* 25 Md. 317 (1866).

It is generally recognized that *lis pendens* may not be predicated upon an action seeking recovery of money damages prior to securing a valid judgment that has become a lien upon property subject to *lis pendens. Polk v. Schwartz,* 166 N.J.Super. 292, 399 A.2d 1001 (1979); *Cassia v. Cassia,* 125 Misc.2d 606, 480 N.Y.S.2d 84 (1984); *Doby v. Lowder,* 72 N.C.App. 22, 324 S.E.2d 26 (1984); *Pournaras v. Hopkins,* 11 Ohio App.3d 51, 463 N.E.2d 67 (1983); *Bramall v. Wales,* 29 Wash.App. 390, 628 P.2d 511 (1981).

Despite overwhelming authority to the contrary, appellants insist that the doctrine of *lis pendens* applies in this case. We disagree. Appellants are seeking money damages. Appellants' complaint in no way involves property of the Brady estate upon which appellants seek to establish *lis pendens.* In our view, appellants have attempted to short cut the legal process by seeking to establish *lis pendens* before obtaining a final judgment against appellee. For all of these reasons, *lis pendens* does not apply.

### Issues IV. and VI.

Appellants next contend that their complaint gave appellee sufficient notice that appellants were creditors of the Brady estate, had appellee made a reasonable and diligent effort to ascertain the identity of creditors as required by *Tulsa Professional Collection Services, Inc. v. Pope,* 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988) and § 7–103.1.[5] While acknowledging that what constitutes

---

5. Section 7–103.1(a) provides as follows:
   Promptly after appointment, the personal representative of a decedent's estate shall

a reasonably diligent effort has not yet been decided by Maryland appellate courts, appellants assert that a reasonably diligent effort required appellee to review all personal records of the decedent and all docket entries in the Circuit Court for Anne Arundel County, the county in which the decedent resided.

We begin by noting that § 7–103.1(c)(1) specifically provides that the time within which a creditor may present his claim is not extended beyond nine months from decedent's death because of the failure of the creditor to receive notice under § 7–103.1. It matters not that the failure to receive notice is occasioned by the failure of the personal representative to make a reasonably diligent effort to identify and notify creditors.

Further, even if such a search constitutes a reasonably diligent effort, we fail to see how such a search could have disclosed appellants as creditors of the Brady estate. A review of Brady's personal records and of the docket entries in the Circuit Court for Anne Arundel County would not have alerted appellee to appellants' claim.

As we have said, appellants' initial complaint was filed on April 2, 1990 and named "B–R–A–Y," not "B–R–A–D–Y" as defendant. In addition, appellants' initial complaint failed to give Brady's correct address.

Appellants' complaint was filed after Brady's death and was not served. We fail to see how a complaint that was never served, filed against Bray, after Brady's death, could have been ascertained by examining Brady's personal records.

While appellants' complaint correctly described the property upon which *lis pendens* was attempted to be established, in order to have become aware of appellants' com-

---

(1) Make a reasonably diligent effort to ascertain the names and addresses of the decedent's creditors; and
(2) Mail or otherwise deliver a notice to those creditors whose names and addresses he has ascertained of the time within which their claims may be presented under § 8–103(a).

plaint it would have been necessary for appellee to have reviewed *every* complaint filed in the Circuit Court for Anne Arundel County, regardless of whether the decedent was the named defendant. We believe that such a search would exceed those contemplated by the term, a reasonably diligent effort. In fact, we believe the requirement of such efforts to be ridiculous. Based upon the facts in the case *sub judice,* we find nothing in *Tulsa* requiring a different result.

In any event, we have recently held that § 8–103, which was enacted by the legislature in response to *Tulsa,* is not unconstitutional. *See Ohio Casualty Ins. Co. v. Hallowell,* 94 Md.App. 444, 617 A.2d 1134 (1993); *see also, Lampton v. LaHood,* 94 Md.App. 461, 617 A.2d 1142 (1993), in which we found that § 8–103(a) in its entirety does not violate the due process rights of a creditor.

### *Issue V.*

■ Finally, appellants contend that they were not required to file a claim under §§ 8–104(b) & (c) because their complaint was filed against the Brady estate within nine months of Brady's death.

Section 8–104(d) provides:

"When a cause survives death, the claimant is not required to file a claim under subsections (b) or (c). He may commence an action against the estate or against a person to whom the property has been distributed, but the commencement of the action must occur within the time limited for the filing of claims."

According to appellants, their initial complaint filed on April 2, 1990, satisfied § 8–104(d) even though *Brady* had not been designated as defendant and the complaint involved no one to whom property belonging to the Brady estate had been distributed. We don't see it quite that way.

In *Burket v. Aldridge,* 241 Md. 423, 216 A.2d 910 (1966), the Court of Appeals held that a suit for personal injuries filed against a personal representative must be filed within

the three year period of limitations, as well as within the period of limitations for actions against a personal representative. The Court also observed that Burket's action had no legal effect since Smith, at the time the action was filed, was dead and "an action against a dead man is a nullity." *Id.*, 241 Md. at 430, 216 A.2d 910.

Appellants contend that *Burket* has been overruled by statute.[6] We agree that § 8–102(b) extended until August 24, 1990, nine months after Brady's death, the time within which appellants could have filed a complaint against Brady's estate. While we are not persuaded that § 8–102(b) in any manner altered the observation made in *Burket* that an action against a dead man is a nullity, we need not decide that issue since we conclude that appellants' action was not timely filed under § 8–104(b).[7] We explain.

In order for appellants' complaint to have been timely filed, the initial complaint must have been considered to have tolled limitations. According to appellants, that is the case here because misnomers are generally regarded as mistakes which may be freely amended. Md. Rule 2–341(c).

We note the liberality of Rule 2–341, but remind appellants that the right to amend is not limitless. Rule 2–341 includes the caveat that amendments are to be freely allowed *when justice permits.* Whether an amendment of a misnomer should be permitted depends upon whether the correct person, however misnamed, was put on notice of the pending suit. 67A C.J.S., Parties § 172. *See also, Dart Drug Corp. v. Hechinger Co., Inc.,* 272 Md. 15, 320 A.2d

---

6. Section 8–102(b) provides:
   "Subject to § 8–103(a), a period of limitations which would terminate, except for the death of the decedent, during the period from the death of the decedent until nine months after the date of the decedent's death, is automatically extended until nine months after the date of the decedent's death."

7. For the same reason, we find it unnecessary to address appellee's assertion that because appellants were not appointed personal representatives until May 17, 1991, the survival claim contained in Count I of the complaint and amended complaint, filed prior to appointment, is a nullity.

266 (1974) and *Abromatis v. Amos,* 127 Md. 394, 96 A. 554 (1916) (amendment to correct misnomer allowed where correct defendant served with process despite being incorrectly named in complaint).

In the case *sub judice,* appellants have presented no evidence suggesting that appellee, as personal representative of the Brady estate, was aware of appellants' complaint before being served with appellants' amended complaint on January 16, 1991. Under the circumstances, we believe it would be unjust for us to permit appellants' amended complaint to relate back to appellants' initial complaint, which was filed on April 2, 1990.

In short, we find that appellants' claim against the Brady estate was not timely filed. Nor did § 8–104(d) excuse appellants from filing a claim against the estate.

The circuit court correctly dismissed appellants' amended complaint.

JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANTS.