659 A.2d 1325

**Susan Palmer GREENTREE**

v.

**Neal FERTITTA et al.**

**No. 8, Sept. Term, 1994.**

Court of Appeals of Maryland.

June 23, 1995.

John R. Greiber, Jr., Annapolis (Carol L. James, Columbia, and John W. Wright, Annapolis, all on brief), for petitioner.

Joseph M. Mott (Miles & Stockbridge, on brief), Rockville, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

ELDRIDGE, Judge.

On June 29, 1989, Susan Greentree was involved in an automobile accident with Neal Fertitta. According to the complaint which Ms. Greentree later filed, Mr. Fertitta's vehicle crossed the center line of the highway and hit Ms. Greentree's vehicle head on. Ms. Greentree was seriously injured in the accident. She underwent a series of surgical procedures and extensive rehabilitation, and required medical care until June, 1992.

On June 30, 1989, the day after the accident, Ms. Greentree's attorneys informed Mr. Fertitta's insurer of her potential claim. Thereafter, they informed the insurer from time to time of the amount of Ms. Greentree's medical bills and of her prognosis for recovery. The last of these communications was acknowledged by the insurer approximately three weeks before the expiration of the three-year general statute of limitations applicable to Ms. Greentree's cause of action. In addition, Ms. Greentree's attorneys sought to reach a settlement agreement with Mr. Fertitta's insurer. When their attempts to settle ultimately proved unsuccessful, Ms. Greentree's attorneys filed suit in the Circuit Court for Anne Arundel County against Mr. Fertitta on June 23, 1992, six days before the expiration of the three-year statute of limitations. Ms. Greentree's complaint named Neal Fertitta as the sole defendant.

When service was attempted upon Mr. Fertitta, Ms. Greentree's attorneys learned, for the first time, that Mr. Fertitta had died on March 6, 1991. The insurer had never revealed that fact to Ms. Greentree or to her attorneys.[1]

After learning of Mr. Fertitta's death, Ms. Greentree's counsel arranged for an estate to be opened for Mr. Fertitta on October 15, 1992. On October 21, 1992,[2] the original

---

1. There is a factual dispute with respect to whether or not the insurer had prior knowledge of Mr. Fertitta's death.

2. There a dispute, which is not pertinent to the issues before us, as to whether service occurred on the 20th or 21st of October.

complaint was served upon the personal representative of the estate and a copy forwarded to the insurer.

On November 20, 1992, attorneys employed by the insurer, representing the estate, entered their appearance and filed a motion to dismiss pursuant to Maryland Rule 2–322. The estate argued that the claim was time-barred by Maryland Code (1974, 1991 Repl.Vol.), § 8–104 of the Estates and Trusts Article.

On January 14, 1993, Ms. Greentree amended her complaint to change the name of the defendant from "Neal Fertitta" to "the Estate of Neal Fertitta, Dorrie Moon, personal representative." After a hearing, the trial court granted the estate's motion to dismiss the amended complaint on the ground that it was untimely filed under § 8–103(a) of the Estates and Trusts Article, as it was not filed within nine months of Mr. Fertitta's death.[3]

Ms. Greentree appealed to the Court of Special Appeals. In an unreported opinion, the intermediate appellate court held that the circuit court's application of the nine-month limitation period set forth in § 8–103(a)(1) of the Estates and Trusts Article was erroneous. The appellate court held that because the decedent was covered by liability insurance at the time of the accident, a three-year limitations period, running from the date of the accident, was applicable under § 8–104(e) of the Estates and Trusts Article.[4] Nevertheless, the Court of Special Appeals affirmed on an alternate ground which had been argued to the trial court. Relying on *Burket v. Aldridge*, 241 Md. 423, 216 A.2d 910 (1966), the intermediate appellate court reasoned that, under the circumstances of the present case,

---

3. Mr. Fertitta died on March 6, 1991; therefore, according to the trial court, the complaint should have been filed by December 6, 1991. Section 8–103(a)(1) of the Estates and Trusts Article was amended in 1992. This amendment changed the limitations period for filing claims against an estate from nine months to six months, but the amendment was effective only as to estates of persons who died on or after October 1, 1992.

4. The parties agree in this Court that this is the applicable limitations period.

the amendment substituting the estate for Fertitta did not relate back to the filing of the original complaint.[5]

In *Burket*, this Court held that an amendment substituting the personal representative of a decedent in a tort action, mistakenly instituted against the decedent after his death, did not relate back to the time of the filing of the original action so as to prevent the applicable statute of limitations from barring the action. Following its earlier decision in *Hunt v. Tague*, 205 Md. 369, 109 A.2d 80 (1954), this Court stated that "an action brought against a dead man is a nullity," so that there was nothing to which the later complaint against the estate could relate back. *Burket v. Aldridge, supra*, 241 Md. at 430, 216 A.2d at 913.

According to the estate in this appeal, *Burket* controls the present case and requires us to hold that Ms. Greentree's complaint against Mr. Fertitta's estate was untimely. The estate contends that Ms. Greentree's claim against Mr. Fertit-

---

5. Under our liberal rule governing the amendment of pleadings, amendments should "be freely allowed when justice so permits." Maryland Rule 2–341(c). But, as the Court observed in *Crowe v. Houseworth*, 272 Md. 481, 485–486, 325 A.2d 592, 595 (1974), it may at times be difficult to determine the consequences of an amended pleading:

"A frequently encountered problem, which is the result of the more liberal use of amendments, is whether a new action has commenced, an action which may be barred by limitations, or whether the doctrine of relation back is applicable: that is, whether the assertion of the original complaint tolled the running of the statute. The modern view seems to be that so long as the operative factual situation remains essentially the same, no new cause of action is stated by a declaration framed on a new theory or invoking different legal principles. As a consequence, the doctrine of relation back is applied, and the intervention of a plea of limitations prevented...."

An amended complaint changing the name of a defendant in the action, filed after the statute of limitations has run, may either seek to substitute a new party for the defendant originally named, or may correct a misnomer of the originally named defendant. The effect of an amended complaint ordinarily depends upon whether the "correct" defendant was intended to be sued originally and whether the "correct" defendant would be unfairly prejudiced by allowing the amendment to relate back to the time of the filing of the original complaint. *See, e.g., McSwain v. Tri–State Transportation*, 301 Md. 363, 369–371, 483 A.2d 43, 46–47 (1984); *W.U. Tel. Co. v. State, Use Nelson*, 82 Md. 293, 306–307, 33 A. 763, 764 (1896).

ta's estate cannot, under *Burket,* relate back to her timely complaint against Mr. Fertitta. Thus, the estate argues, Ms. Greentree's complaint is barred by the statute of limitations. In response, Ms. Greentree contends, *inter alia,* that the estate may not successfully rely upon the statute of limitations. Ms. Greentree points out that "any judgment entered in this case is recoverable from, and limited to, Mr. Fertitta's insurance coverage," pursuant to Code (1974, 1991 Repl.Vol., 1994 Cum.Supp.), § 8–104(e) of the Estates and Trusts Article. In this regard, Ms. Greentree states that her attorneys had negotiated with Mr. Fertitta's insurer for almost three years, from the day after the accident until approximately two weeks before suit was filed. Under these circumstances, Ms. Greentree contends, since "[i]t would be unjust to grant a windfall to the insurer for failing to disclose Mr. Fertitta's death to Ms. Greentree's counsel," the estate should not be permitted to rely on the limitations defense. (Ms. Greentree's brief at 8).

We agree that § 8–104(e) of the Estates and Trusts Article is controlling in this case. In our view, however, the effect of § 8–104(e) is to create an exception to the *Burket* principle under circumstances like those in this case, for claims against decedents' estates which are covered by insurance. Section § 8–104(e) therefore makes timely Ms. Greentree's action against Mr. Fertitta's estate.

The Estates and Trusts Article sets forth both procedural and substantive rules governing the administration of estates. Sections 8–101 through 8–115 of the Article establish procedures whereby claims may be made against decedents' estates. Section 8–104(e) of the Estates and Trusts Article sets forth separate procedures for those claims made against decedents' estate which are covered by insurance. Section 8–104(e) provides in part as follows:

"*Where insurance exists.*—(1) If the decedent was covered by a liability insurance policy which at the time the action is instituted provides insurance coverage for the occurrence, then, notwithstanding the other provisions of this section, an action against the estate may be instituted

after the expiration of the time designated in this section, but within the period of limitations generally applicable to such actions.

(2) ... [I]f a verdict is rendered against the estate:

(i) The judgment is not limited to the amount of insurance coverage for the occurrence; and

(ii) The amount of the judgment that is recoverable from the estate is limited to the amount of the decedent's liability insurance policy."

Thus, to the extent that a successful claim will be satisfied by the proceeds of an insurance policy, rather than by the assets of the estate, § 8–104(e) makes inapplicable certain procedural requirements which would generally apply to limit claims against estates.

According to the estate's theory in this appeal, the sole effect of § 8–104(e) upon the timeliness of claims against estates is to create an exception, for claims covered by insurance, from the special statute of limitations set forth in § 8–103(a) of the Estates and Trusts Article. Section 8–103(a) provides that a claim against a decedent's estate must ordinarily be filed within six months of the decedent's death or within two months of the mailing of notice by the personal representative, whichever is earlier. The estate contends that § 8–104(e) makes inapplicable to claims covered by insurance the limitations period set forth in § 8–103(a). Nevertheless, the estate argues that, despite § 8–104(e), all other rules governing the limitation of claims against estates, including common law rules, apply equally to claims covered by insurance and to claims seeking recovery from the assets of the estate. The estate reads § 8–104(e) too narrowly.

While § 8–104(e)(1) does indeed state that a claim covered by insurance "may be instituted after the expiration of the time designated in this section," the section itself, § 8–104, contains no time limitation. Furthermore, § 8–104(e)(1) provides more broadly that "notwithstanding the other provisions of this section, an action against the estate may be instituted after the expiration of the time designated in this section, but

within the period of limitations generally applicable to such actions." Since subsections (a) to (d) of § 8–104 describe the manner and form in which claims against an estate must be presented, the statement in § 8–104(e) that it applies "notwithstanding the other provisions of this section" cannot refer to the other subsections of § 8–104, which have nothing to do with the timeliness of claims. It is unclear from the statutory language exactly which "other provisions" of law the General Assembly intended to make inapplicable to claims covered by insurance. In order to ascertain the scope of § 8–104(e), we must therefore look to the purposes of that provision.[6]

Section 8–104(e) governs the limitations of claims against estates where "the decedent was covered by a liability insurance policy which at the time the action is instituted provides insurance coverage for the occurrence...." Thus, § 8–104(e) distinguishes claims which are to be paid from the assets of the estates from claims which are to be paid by the proceeds of a policy of liability insurance. Furthermore, § 8–104(e)(2) limits a claimant's recovery under that section to the amount of the decedent's liability insurance policy, regardless of the amount of the judgment entered against the estate. An action brought under § 8–104(e), therefore, ultimately seeks compensation only from the decedent's insurer and not from the decedent's estate.

In deciding to what extent the Legislature intended the limitations period set forth in § 8–104(e) to supersede other rules of timeliness, it is significant that the procedural rules governing the limitation of claims which will be satisfied from

---

6. Moreover, we must interpret § 8–104(e) in light of the overall purposes of the Estates and Trusts Article. *See Bertonazzi v. Hillman,* 241 Md. 361, 216 A.2d 723 (1966); *Chandlee v. Shockley,* 219 Md. 493, 150 A.2d 438 (1959). The General Assembly has set forth in § 1–105 of the Estates and Trusts Article the general purpose of the legislation:

"The purpose of the estates of decedents law is to simplify the administration of estates, to reduce the expenses of administration, to clarify the law governing estates of decedents, and to eliminate any provisions of prior law which are archaic, often meaningless under modern procedure and no longer useful. This article shall be liberally construed and applied to promote its underlying purpose."

the assets of a decedent's estate are not pertinent to claims which will be covered by insurance. The Estates and Trusts Article sets forth uniform procedures for opening estates,· taking stock of the estates' assets, handling claims from estate creditors, and distributing the remaining assets according to law. *See* Code (1974, 1991 Repl.Vol., 1994 Cum.Supp.), Titles 5, 7, 8 and 10 of the Estates and Trusts Article. The Estates and Trusts Article includes numerous provisions designed to promote speed and efficiency in estate administration. Thus, the Legislature established short time periods within which claimants could file claims against an estate, to be paid from the estate's assets. *See* § 8–103(a) (claims against an estate must ordinarily be filed within six months of the decedent's death). Moreover, a personal representative "is under a general duty to settle and distribute the estate of the decedent ... as expeditiously ... as is reasonable under the circumstances." § 7–101. In addition, the Article fixes a limited time period within which a personal representative is required to distribute the estate assets. §§ 7–101, 7–305.

This Court has recognized that "[t]he six-month statute of limitations in suits against executors or administrators has the ... purpose of requiring claimants seeking damages resulting from the negligence of the decedent to make claim by suit within six months so that the personal representative of the decedent can make the prompt settlement of the estate contemplated by the law...." *Bertonazzi v. Hillman,* 241 Md. 361, 367, 216 A.2d 723, 726 (1966). *See also Yingling v. Smith,* 259 Md. 260, 265, 269 A.2d 612, 614 (1970); *MacBride v. Gulbro,* 247 Md. 727, 730, 234 A.2d 586, 588 (1967); *Burket v. Aldridge, supra* 241 Md. at 428–429, 216 A.2d at 912. Where the claim against the estate is covered by insurance, however, considerations relating to the prompt distribution of estate assets are not as pertinent. In such situations the claimant ultimately seeks recovery, not from the estate to be distributed, but from the insurance company which assumed the risk of insuring the decedent. Consequently, late claims will not interfere with the personal representative's statutory obligation to settle the estate expeditiously.

We must interpret § 8–104(e) in light of the fact that the procedural rules which favor early finality in the distribution of estates were intended to be relaxed with regard to claims covered by insurance. Section 8–104(e)(1) clearly states that, to the extent that a claim against an estate is to be satisfied by the proceeds of insurance, it may be filed "within the period of limitations generally applicable to such action." In order to give effect to this statutory language, and to the substantial difference between those claims covered by insurance and those claims directed against the assets of the estate, the statement in § 8–104(e) that it governs claims covered by insurance "notwithstanding the other provisions of this section" must refer generally to the rules of timeliness contained in sections 8–101, 8–102 and 8–103 of the Estates and Trusts Article, and to any inconsistent common law rules incorporated therein. Consequently, when a claim against a decedent's estate is covered by a policy of insurance, § 8–104(e) provides that the ordinary statute of limitations applies to the claim, notwithstanding rules relating to the filing of claims against decedents' estates which might otherwise make the plaintiff's complaint untimely. Under § 8–104(e), therefore, a claim made within the limitations period generally applicable to the action is effective against the estate, where insurance coverage is available, to the extent that it would have been effective against the decedent, had he or she survived. In the present case, § 8–104(e) makes inapplicable, the rule of *Burket v. Aldridge, supra,* 241 Md. 423, 216 A.2d 910, which prevents a late claim against a decedent's estate from relating back to a complaint filed against the decedent within the period of limitations, but after the time of death.

By making the usual statute of limitations applicable to claims covered by insurance where the insured dies before suit is filed, § 8–104(e) fully implements the contract of insurance between the insurer and the insured. There is no reason to permit an insurance company to receive premiums for providing coverage for a particular risk, but to avoid paying under the policy because the unforeseen death of its insured allows it to take advantage of procedural rules governing the adminis-

tration of estates. On the contrary, since the insurer would avoid liability under the policy at the expense of the person injured by the decedent, applying procedural rules governing estate administration to defeat a claim against an insurer undermines Maryland's strong public policy of making compensation available to those injured in motor vehicle and other accidents. *See Van Horn v. Atlantic Mutual Insurance Company,* 334 Md. 669, 680, 641 A.2d 195, 200 (1994).

In addition, claims covered by insurance generally differ from claims against the assets of an estate with respect to the provision of notice. The personal representative of a decedent's estate may be entirely unaware of circumstances which might give rise to claims against the estate. By contrast, a contract of insurance ordinarily provides that the insurer must receive early notice of a potential claim in order to trigger its obligations under the policy. Thus, an insurer typically has notice of a claim against an insured long before suit is filed. Indeed, the filing of suit is often, as in the present case, the consequence of protracted, but ultimately unsuccessful, settlement negotiations.

In *Burket v. Aldridge, supra,* 241 Md. at 428, 216 A.2d at 912, this Court quoted Justice Jackson's description of the purposes of statutes of limitation from *Order of Railroad Telegraphers v. Railway Express Agency, Inc.,* 321 U.S. 342, 348–349, 64 S.Ct. 582, 586, 88 L.Ed. 788, 792 (1944), stating as follows:

" 'Statutes of limitation, like the equitable doctrine of laches, in their conclusive effects are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.' "

As § 8–104(e) recognizes, considerations with respect to notice which are pertinent to uninsured claims against decedents' estates do not apply where the claim is covered by a policy of insurance.

■ In the present case, Ms. Greentree filed suit against Mr. Fertitta within the three-year statute of limitations applicable to her action. Under § 8–104(e), therefore, her action was timely, notwithstanding the special time limitations upon the administration of estates established by the Estates and Trusts Article and by the *Burket* principle.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH DIRECTIONS TO REVERSE THE JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY AND TO REMAND THE CASE TO THAT COURT FOR PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. RESPONDENTS TO PAY COSTS.*

KARWACKI, Justice, dissenting.

I would affirm the judgment of the Court of Special Appeals in this case. The majority, in an apparent attempt to avoid a harsh result for the petitioner in this case, has arrived at its decision by judicially amending §§ 8–101 through 8–104 of the Estates and Trusts Article which set forth the time limitations for presentation of various claims against the estate of a decedent.

I

In *Burket v. Aldridge*, 241 Md. 423, 216 A.2d 910 (1966), we held that an amendment substituting the personal representative of a decedent in a tort action, mistakenly instituted against the decedent after his death, did not relate back to the time of the filing of the original action so as to prevent the applicable statute of limitations from barring the action. We granted certiorari in this case to reexamine our decision in

*Burket* in light of certain changes in the pertinent Maryland statutes.

In *Burket, supra,* this Court provided the history of the right to maintain an action for personal injury where the tortfeasor has died:

"Until 1929, actions for personal injuries abated on the death of the tort-feasor. In 1929, the legislature provided that, where the tort-feasor died before suit, an action could be brought against his personal representatives within six months of the tort-feasor's death.[1] In 1949, the six months period of limitation on actions against the personal representative was changed to begin on the representative's qualification instead of on the death of the tort-feasor.[2] In 1953, in making certain amendments not here applicable, the legislature stated in the preamble to the amendatory act that the 1949 law had amended the Section in order to extend the time in which certain suits may be brought against an executor or administrator where there is a delay in the appointment or qualification of the executor or administrator." [3]

*Burket,* 241 Md. at 427, 216 A.2d at 912.[4]

In *Burket,* the facts were practically identical to those in this case. The issue presented to this Court was whether Burket's suit was time-barred by the three-year limitation applicable to most tort actions imposed by Maryland Code (1957, 1964 Repl.Vol.), Article 57, § 1, or whether it was timely

---

1. Ch. 570 of the Acts of 1929, codified as Md.Code (1924, 1929 Cum.Supp.), Art. 93, § 106.

2. Ch. 468 of the Acts of 1949, amending Md.Code (1939, 1947 Cum. Supp.), Art. 93, § 109. This amended section was not published until it appeared as Md.Code (1951), Art. 93, § 111.

3. Ch. 689 of the Acts of 1953, codified as Md.Code (1951, 1957 Cum.Supp.), Art. 93, § 111.

4. At the time *Burket* was decided, the law governing this type of suit was codified as Md.Code (1957, 1964 Repl.Vol., 1965 Cum.Supp.), Art. 93, § 112.

under Md.Code (1957, 1964 Repl.Vol.), Article 93, § 112, which provided that a suit against an executor must be commenced within six months of his qualification.

Judge Oppenheimer, speaking for this Court, explained that the Court affirmed the trial court's judgment because both the six-month limitation on suits against an executor and the original three-year limitation on the cause of action applied— nothing in the former tolled the running of the latter. *Burket,* 241 Md. at 427, 216 A.2d at 911. The opinion concludes with the holding of this Court:

"Under the Maryland law, whether suit is brought against the tort-feasor during his life-time, or against his personal representative after his death, it must be filed both within three years from the date of the injuries and within six months from the qualification of the personal representative.

"In this case, the action filed by Burket against Smith, a few days before the expiration of the three year period from the date of the injuries, had no legal effect. Smith was dead, and an action brought against a dead man is a nullity. *Hunt v. Tague,* 205 Md. 369, 378–79, 109 A.2d 80 (1954); *Chandler v. Dunlop,* 311 Mass. 1, 39 N.E.2d 969 (1942). Smith's Administrator was appointed after the three year period had run, and, while the Administrator was thereafter substituted as a party defendant, less than two months after his appointment, the substitution was subsequent to the expiration of the three year period.

\*    \*    \*    \*    \*    \*

"As Judge [Robert E. Clapp, Jr., the trial judge] held in his opinion, where an action, as here, is brought against a dead man, the substitution of his personal representative after the expiration of the period of the Statute of Limitations does not relate back to the time of the filing of the original suit so as to prevent Statute from being a bar to the litigation. *Chandler v. Dunlop, supra,* cited by the Judge, is on all fours with this holding."

*Burket,* 241 Md. at 430–31, 216 A.2d at 913–14. Under our reasoning in *Burket,* Ms. Greentree's original suit, brought against a dead man, was a nullity, and, therefore, there was nothing to which the amendment substituting the estate, as a party defendant, could relate back.

## II

Md.Code (1957, 1964 Repl.Vol.), Article 93, § 112, as construed in *Burket,* has since been amended in certain particulars, and on the dates material to the issues presented in the case *sub judice,* was codified as §§ 8–101, 8–103 and 8–104 of the Estates and Trusts Article. A most significant change appears in what is now § 8–104(e)[5] which provides:

"*Where insurance exists.*—(1) If the decedent was covered by a liability insurance policy which at the time the action is instituted provides insurance coverage for the occurrence, then, notwithstanding the other provisions of this section, an action against the estate may be instituted after the expiration of the time designated in this section, but within the period of limitations generally applicable to such actions.

(2) The existence of insurance coverage is not admissible at the trial of the case and if a verdict is rendered against the estate:

---

**5.** Other changes, not relevant in this matter, have also been made. In 1969, Ch. 3 of the Acts of 1969 recodified and reorganized § 112 based on the recommendations of the Governor's Commission to Review and Revise the Testamentary Law of Maryland (the Henderson Commission). *See infra* note 9. The law was not amended in substance, but was thereafter codified as Article 93, §§ 8–101, 8–103, and 8–104. Then in 1974, Ch. 11 of the Acts of 1974 enacted the Estates and Trusts Article including §§ 8–101, 8–103, and 8–104 of old Article 93 which were similarly designated in the new Article. More changes have been made after the enactment of the Estates and Trusts Article. *See* Ch. 464 of the Acts of 1977 (minor change in § 8–104(e)); Ch. 418 of the Acts of 1981 (rewriting § 8–104(e)); Ch. 496 of the Acts of 1989 (amending the limitations period in §§ 8–102(b) and 8–103(a) and rewriting § 8–104(c) with accompanying amendment to § 8–101(a)); Ch. 671 of the Acts of 1989 (reorganizing and rewriting § 8–104(e)); Ch. 55 of the Acts of 1991 (substituting the Maryland Automobile Insurance Fund for the Unsatisfied Claim and Judgment Fund of the State in § 8–104(e)); and Ch. 226 of the Acts of 1992 (changing the limitations period in §§ 8–102(b) and 8–103(a)(1) from nine months to six months).

(i) The judgment is not limited to the amount of insurance coverage for the occurrence; and

(ii) The amount of the judgment that is recoverable from the estate is limited to the amount of the decedent's liability insurance policy."

These provisions created an exception, where insurance coverage exists, from the usual requirement that suits to enforce a claim against a decedent must be filed within the time limit for filing claims with the personal representative or the register. These provisions were first enacted by. Ch. 642 of the Acts of 1966. This legislation was approved, and took effect, after *Burket* was decided by this Court.

The majority opines "that § 8–104(e) of the Estates and Trusts Article is controlling in this case[,]" but it then proceeds to essentially ignore the plain language of that subsection that requires that suits brought under § 8–104(e) be brought "within the period of limitations generally applicable to such actions[.]" The majority reasons that the provisions of § 8–104(e) make the insurer the only real party in interest, and since Fertitta's insurer had notice of the claim, by way of settlement negotiations with Greentree, even the general three-year statute of limitations is inapplicable in this case. We have said on *numerous* occasions that we should not judicially create a new exception to a statute of limitations, in the name of determining legislative intent, where the Legislature has not provided such an exception. *See, e.g., Garay v. Overholtzer*, 332 Md. 339, 359, 631 A.2d 429, 439 (1993) and cases cited therein. Here, the majority's opinion will have the effect of creating an exception to a statute of limitations, if a defendant was aware, at any time during the limitations period, of a *potential* claim against him.

### III

Even if Ms. Greentree's suit was able to escape the limitations bar, it is still procedurally barred. Section 8–101(a) of the Estates and Trusts Article provides:

"Except as provided in § 8–104,[6] a proceeding to enforce a claim against an estate of a decedent may not be revived or commenced before the appointment of a personal representative." [7]

Therefore, unless, and until, a personal representative is appointed and qualified, there is no party in existence capable of being sued.[8] *See Cornett v. Sandbower*, 235 Md. 339, 343, 201 A.2d 678, 680 (1964) (citing *Behnke v. Geib*, 169 F.Supp. 647 (D.Md.1959)); *Harlow v. Schrott*, 16 Md.App. 31, 39, 294 A.2d 349, 354, *aff'd sub nom. Blocher v. Harlow*, 268 Md. 571, 303 A.2d 395 (1973).

In constructing § 8–101, the Henderson Commission[9] simply codified then existing case law. Cases preceding the enactment of this section include, chronologically, *Hunt v. Tague, supra* (plaintiff could not amend complaint to substitute tortfeasor's personal representative as defendant in tortfeasor's place); *Chandlee v. Shockley*, 219 Md. 493, 150 A.2d

---

6. The § 8–104 exception, added by Chapter 496 of the Acts of 1989, refers to the § 8–104(c) provision for filing a claim with the register prior to appointment of the personal representative which was enacted by the same legislation. This exception is not applicable in this case because the petitioner did not attempt to file her claim in such a manner.

7. This prohibition was derived from the Uniform Probate Code. *See* Second Report of the Governor's Commission to Review and Revise the Testamentary Law of Maryland at 121 (1968), Comment to proposed § 8–101.

8. The existence of a party capable of being sued was within the control of the petitioner. A "Will of No Estate" was filed for Mr. Fertitta with the Register of Wills for Anne Arundel County on March 15, 1991, and was a matter of public record. The petitioner was entitled to seek letters of administration under Md.Code (1974, 1991 Repl.Vol.), § 5–104 of the Estates and Trusts Article. She ultimately did so, but four months after the statute of limitations had expired.

9. The Henderson Commission conducted a four-year study of the probate and testamentary laws of Maryland and proposed comprehensive changes which were enacted by Ch. 3 of the Acts of 1969. *See* Shale D. Stiller & Roger D. Redden, *Statutory Reform in the Administration of Estates of Maryland Decedents, Minors and Incompetents*, 29 Md.L.R. 85 (1969).

438 (1959) (personal representative does not take the place of the decedent but is made amenable, in his representative capacity, to service of process as an original party); *Behnke v. Geib, supra* (plaintiff cannot, by use of fictitious name in complaint, make personal representative, not in existence in that capacity at time of complaint, amenable to suit); *Cornett v. Sandbower, supra* (the appointment and qualification of the administrator brings into existence party capable of being sued); *Burket, supra* (substitution of personal administrator after expiration of limitations period does not relate back to original filing to prevent limitations bar);[10] *Moul v. Pace*, 261 F.Supp. 616 (D.Md.1966) (applying *Burket* ); and *Cromwell v. Ripley*, 11 Md.App. 173, 273 A.2d 218 (1971) (applying *Burket* ).

Furthermore, since 1929,[11] whether the limitations period ran from the date of the decedent's death or the date of the personal representative's qualification, suit was required to be commenced within a certain time period[12] *after* that date. *See, e.g.,* Md.Code (1951), Art. 93, § 111. Any suit commenced *prior* to that measuring date, therefore, would not be proper under § 8–103(a) or its predecessors.

Finally, § 8–104(e) and its predecessors do not abrogate the requirement of § 8–101(a) as suggested by the majority. As noted in part II *supra,* the legislation creating the insurance exception was enacted three years *prior* to the legislation creating § 8–101. If the Legislature had intended to create an exception to the § 8–101(a) requirement, for suits filed

---

10. The Henderson Commission expressly recognized the holding in *Burket* in its comments to proposed § 8–103(a). *See* Second Report of the Governor's Commission to Review and Revise the Testamentary Law of Maryland at 123 (1968), Comment to proposed § 8–103(a).

11. *See supra* note 1 and accompanying text.

12. This period has been amended over the years but had always been either six or nine months. Then Ch. 496 of the Acts of 1989 amended § 8–103(a) to the require commencement within the earlier of nine months after the decedent's death or two months after notice is given by the representative. The nine months in § 8–103(a)(1) was later changed to six months by Ch. 226 of the Acts of 1992. *See supra* note 5.

under § 8–104(e) or its predecessors, it could have done so when it enacted § 8–101 or in the decades following that enactment. It did not. Clearly the Legislature knows how to create exceptions to § 8–101(a), as it has done so in the past.[13]

At the commencement of Ms. Greentree's suit, no personal representative for the estate had been appointed; therefore, the suit, even if it named the estate as defendant at that time, would have been improper, as there was no one in existence who was capable of being sued. The subsequent amendment, therefore, cannot relate back to the original complaint, because the original complaint had no legal effect. While such a holding might cause a harsh result for the petitioner, if changes in this area are appropriate, it is within the province of the General Assembly, not this Court, to make them.

Judge RODOWSKY has authorized me to state that he concurs with the views expressed herein.