**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DENISE DESANCTIS,
Plaintiff-Appellant,

v.                                                          No. 95-2403

MYRTLE HASTINGS,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Edward S. Northrop, Senior District Judge.
(CA-95-73-N)

Submitted: December 31, 1996

Decided: January 13, 1997

Before HALL, ERVIN, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph F. Schanno, MCINTOSH & SCHANNO, P.A., Berlin, Mary-
land, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Denise DeSanctis appeals the district court's order denying her motion to reconsider the court's denial of her motion to amend her complaint. Finding no abuse of discretion, we affirm.

DeSanctis, a Virginia resident, filed a civil action on January 10, 1995, against Myrtle Hastings, a Maryland resident, alleging diversity jurisdiction and seeking damages of $150,000. DeSanctis claimed that she and Hastings were involved in an automobile accident on January 13, 1992, and that Hastings was negligent. DeSanctis obtained a summons on January 11, 1995, and attempted to serve Hastings. DeSanctis discovered, however, that Hastings had died on January 3, 1994. DeSanctis filed a motion to amend her complaint under Rules 17 and 25 of the Federal Rules of Civil Procedure to substitute Hastings' estate as defendant and to then require service on the estate's representatives--Hastings' two children.

The district court denied the motion to amend and dismissed the complaint. DeSanctis filed a motion to reconsider the court's dismissal, contending that she should have been permitted to amend her complaint and substitute the estate for Hastings under Fed. R. Civ. P. 15(c). The district court denied DeSanctis' motion for reconsideration, finding that she provided no evidence establishing she was a creditor or interested person or that Hastings' personal representatives were obligated to notify her of Hastings' death. This appeal followed.

On appeal, DeSanctis challenges the district court's denial of her motion for reconsideration. We construe the motion as filed under Fed. R. Civ. P. 59(e), because it was filed within ten days of the entry of the underlying judgment. See Fed. R. Civ. P. 59(e). We review the denial of a Rule 59(e) motion for an abuse of discretion. Collison v. International Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994).

We find no abuse of discretion in this case. DeSanctis correctly notes that federal courts apply state substantive law and federal proce-

2

dural law--including Fed. R. Civ. P. 15(c)--in diversity cases. See Hottle v. Beech Aircraft Corp., 47 F.3d 106, 109 (4th Cir. 1995); Davis v. Piper Aircraft Corp., 615 F.2d 606, 611-12 (4th Cir. 1980). Rule 15(c) provides that

> [a]n amendment of a pleading relates back to the date of the original pleading when . . . the amendment changes the party or the naming of the party against whom a claim is asserted if [the claim or defense arose out of the conduct, transaction, or occurrence set forth in the original pleading] and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c)(3).

It is undisputed that the case against the estate arose out of the same occurrence as the case against Hastings. DeSanctis fails to meet the requirements of Rule 15(c), however, in that the personal representatives of Hastings' estate she seeks to substitute for Hastings did not receive notice or possess knowledge of the action within the time for service--120 days after filing of the complaint--as evidenced by the district court's order to show cause why the case should not be dismissed for failure to serve. Without service, the estate's representatives could not have been aware of the suit within 120 days of the filing of the complaint.* By the express terms of Rule 15(c), therefore, the amendment for which DeSanctis moves cannot relate back to the filing of the complaint, and the action against the estate cannot thereby be brought within the statute of limitations. The statute of limitations expired three days after DeSanctis filed the complaint.

_____

*Although the district court denied the motion to amend because the estate did not have notice of the action within the limitations period, the standard before the 1991 amendment to Rule 15(c), we find the error harmless.

3

Because the district court properly denied DeSanctis' motion to amend her complaint, the court did not abuse its discretion in denying her motion for reconsideration.

DeSanctis, however, urges this Court not to bar her from relief in federal court where she could obtain relief in state court under Greentree v. Fertitta, 659 A.2d 1325 (Md. 1995)--a case decided one day after the district court denied her motion for reconsideration. Because Rule 15(c) of the Federal Rules of Civil Procedure controls, we reject this argument. See Hottle, 47 F.3d at 109; Davis, 615 F.2d at 611-12.

Accordingly, we affirm the district court's order denying DeSanctis' Rule 59(e) motion. We grant DeSanctis' motion to waive oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4