*Christopher Andrew Linz v. Montgomery County, Maryland*, No. 1289, September Term, 2021.  Opinion by Eyler, Deborah S., J.

**RULES 2-341(c), AMENDMENTS TO PLEADINGS, 2-201, REAL PARTY IN INTEREST, 2-211(a), COMPULSORY JOINDER - - RELATION BACK DOCTRINE - - ACTION AGAINST GOVERNMENT ENTITY FOR NEGLIGENCE IN USE OF GOVERNMENT OWNED OR LEASED VEHICLE, COURTS AND JUDICIAL PROCEEDINGS ARTICLE § 5-524 AND TRANSPORTATION ARTICLE § 17-107(c) - - ACTIONS FOR NEGLIGENCE UNDER LOCAL GOVERNMENT TORT CLAIMS ACT, CJP § 5-301 *ET SEQ*. AGAINST COUNTY EMPLOYEE - - INDEMNITY PROVISION OF LGTCA.**

Mr. Linz was injured in automobile accident with a vehicle owned by Montgomery County (County) and driven by police officer Michael J. Chindblom. Within the limitations period, Mr. Linz sued the County for negligence.  After limitations had expired, Mr. Linz moved to amend his complaint to substitute Officer Chindblom for the County as the sole defendant, on the basis that he had sued the County instead of the officer based on a misnomer, under Rule 2-341(c), and therefore the amended complaint would relate back to the filing time of the original complaint.  The circuit court denied the motion and a subsequent motion for reconsideration, concluding that there was not a misnomer, and the relation back doctrine would not apply.  After a final judgment was entered, Mr. Linz appealed.

*Held*: The circuit court did not abuse its discretion by denying the motions to amend and for reconsideration.  The relation back doctrine did not apply and therefore the action against Officer Chindblom was time-barred.

The relation back doctrine has been applied when there has been a misnomer in the name of a party; the complaint is being amended to correct the misnomer; the "new" party was the intended party all along; and the "new" party was on notice of the claim during the limitations period.  In addition, it has been applied to add a real party in interest or to join a party subject to compulsory joinder, also when the "new" party was the intended party from the beginning and was on notice during the limitations period.

The undisputed facts surrounding the accident and the filing of the complaint do not support that Mr. Linz mistakenly sued the County instead of Officer Chindblom. Before filing suit, he knew that the officer had caused the accident and was an employee of the County.  The language of the complaint made clear that Mr. Linz did not confuse Officer Chindblom with the County.  There was not a misnomer under Rule 2-341(c) that would justify application of the relation back doctrine.  In addition, Officer Chindblom was not a real party in interest or subject to compulsory joinder, under Rules 2-201 and 2-211(a), respectively.

The existence of two "critical factors" discussed in the relation back cases - - that the "new" party was the intended party all along and that the "new" party had notice of the claim within the limitations period - - are not by themselves, without satisfaction of the amendment, real party in interest, or compulsory joinder rules, a basis to apply the relation back doctrine. Even if they were, the undisputed facts do not show that Officer Chindblom was the intended defendant. In addition to Mr. Linz's understanding that the officer and the County were not one and the same, counsel for Mr. Linz misunderstood that in a suit filed against the County only, the County would be vicariously liable for all damages caused by Officer Chindblom. On the contrary, the County only partially waived its governmental immunity for injuries caused by negligent use of its automobile in the course of serving the County, up to $30,000. If Officer Chindblom had been sued, the indemnity provision of the Local Government Tort Claims Act would have made the County responsible for paying a judgment against him for compensatory damages, up to $400,000. He was not sued, however, and a misunderstanding of the immunity and indemnity laws is not a basis to apply the relation back doctrine to a late-filed complaint. Finally, even if the officer knew, during the limitations period, that a suit might be filed against him, that knowledge alone was not a basis to eliminate the effect of the statute of limitations or to apply the relation back doctrine.

Circuit Court for Montgomery County
Case No.: 483332V

_____

CHRISTOPHER ANDREW LINZ

v.

MONTGOMERY COUNTY, MARYLAND

_____

Reed,
Beachley,
Eyler, Deborah S.,
   (Senior Judge, Specially Assigned),

JJ.
_____

Opinion by Eyler, Deborah S., J.
_____

Filed: November 1, 2022

*Tang, Rosalyn, and Albright, Anne K., JJ., did not participate in the Court's decision to designate this opinion for publication pursuant to Md. Rule 8-605.1.

Pursuant to the Maryland Uniform Electronic Legal Materials Act (§§ 10-1601 et seq. of the State Government Article) this document Is authentic.



Gregory Hilton, Clerk

Christopher Andrew Linz, the appellant, was injured in an automobile accident with a vehicle driven by Michael J. Chindblom, a police officer employed by Montgomery County, the appellee (the County). In the Circuit Court for Montgomery County, Mr. Linz brought a timely suit for negligence against the County. After limitations had run, he moved for leave to file an amended complaint substituting Officer Chindblom as the sole defendant in place of the County. He asserted that the amendment was necessary to correct a misnomer and that the relation back doctrine would apply to make his amended complaint timely. The court denied the motion, and a motion for reconsideration, on the ground that there was no misnomer to correct and therefore the relation back doctrine did not apply.

We agree that there was no misnomer in this case and conclude that the circuit court did not abuse its discretion by denying the motions for leave to file an amended complaint and for reconsideration. Mr. Linz was attempting to sue a new defendant after the statute of limitations had run; and Officer Chindblom was not required to be joined as a necessary party and was not a real party in interest. We disagree with Mr. Linz's argument that Officer Chindblom was the intended defendant all along, and that upon a showing that he knew about the potential claim against him during the limitations period, the relation back doctrine would apply because the statute of limitations would not serve any purpose.

The statute of limitations had expired on Mr. Linz's negligence claim against Officer Chindblom and the relation back doctrine did not apply to make an action against him timely. Accordingly, we shall affirm the judgment.

## LEGAL NATURE OF THE CLAIMS

As context for our recitation of the facts and later discussion, we give an overview of the operation of the statutes that control the claims Mr. Linz brought against the County and attempted to bring against Officer Chindblom.

For our purposes in this appeal, it is undisputed that the vehicle Officer Chindblom was driving was owned by the County and the officer was acting within the scope of his employment when the accident happened. By operation of Md. Code (1974, 2020 Repl. Vol.) § 5-524 of the Courts and Judicial Proceedings Article (CJP) and Md. Code (1977, 2020 Repl. Vol.) § 17-107(c) of the Transportation Article (TA), governments such as the County have partially waived their immunity in actions for damages arising out of the negligent use of motor vehicles they own or lease, up to the minimum mandatory limits of insurance set by TA § 17-103(b). *Williams v. Maynard*, 359 Md. 379, 383 (2000).[1]

---

[1] CJP § 5-524, entitled "Immunity – Negligent Use of Motor Vehicle While in Government Service," states:

> An owner or lessee of any motor vehicle registered under Title 13 of the Transportation Article may not raise the defense of sovereign or governmental immunity, to the extent of benefits provided by the security accepted by the Motor Vehicle Administration under § 17-103 of the Transportation Article, in any judicial proceeding in which the plaintiff claims that personal injury, property damage, or death was caused by the

(continued…)

Under the latter statute, the minimum limits are $30,000 per person and $60,000 for two or more people.

These statutes have been interpreted to allow a suit against a government entity for negligent use of its vehicle, while in service or for its benefit, up to the applicable mandatory minimum limit. *Id.* at 382-83 (stating that CJP § 5-524 and TA § 17-107(c) "authorized" the plaintiff's tort action against Montgomery County for damages for injuries sustained in an automobile accident with a county-owned vehicle driven by a county employee). Thus, in the case at bar, Mr. Linz could sue (and did sue) the County directly for negligence, on a vicarious liability theory based on the actions of Officer Chindblom as its employee, but the County could not be liable for more than $30,000 in damages.

By contrast, a claim by Mr. Linz for negligence against Officer Chindblom would be governed by the Local Government Tort Claims Act (LGTCA), CJP §§ 5-301, *et seq*. The County is a "local government" within the meaning of the LGTCA. CJP § 5-301(d)(1). As an employee of a local government, had Officer Chindblom been sued for negligence committed in the scope of his employment, the County would have been obligated to provide him a legal defense. CJP § 5-302(a). Any judgment for

_____

(…continued)
negligent use of the motor vehicle while in government service or performing a task of benefit to the government.

TA § 17-107(c) states that "[a]n owner or lessee of any motor vehicle registered [in Maryland] may not raise the defense of sovereign or governmental immunity as described under § 5-524 of" CJP.

3

compensatory damages entered against Officer Chindblom could not have been executed against him. CJP § 5-302(b)(1). Rather, the County would have been "liable" to pay the judgment against him, CJP § 5-303(b)(1), up to $400,000. CJP § 5-303(a)(1).[2] The County could not have raised governmental immunity "to avoid the duty to defend or indemnify[.]" CJP § 5-303(b)(2). By motion in this case or by a separate action for enforcement, Mr. Linz could have sought payment by the County of the judgment against Officer Chindblom. *See Baltimore City Police Dep't v. Esteppe*, 247 Md. App. 476, 507-11 (2020) (explaining that enforcement against local government of judgment entered against its employee may be pursued in the action against the employee or in a separate action, so long as the local government is a party and has an opportunity to be heard), *aff'd*, 476 Md. 3 (2021).

Notwithstanding that the LGTCA makes a local government liable to pay a judgment for compensatory damages entered against its employee in most situations and up to a certain amount, it does not create a cause of action for negligence or any other tort directly against the local government itself or allow a direct suit for negligence against a local government. *Williams*, 359 Md. at 394; *see also Williams v. Prince George's Cnty.*, 112 Md. App. 526, 552 (1996). In this case, Mr. Linz's negligence action against the County, based on the acts of Officer Chindblom, only could have been premised on the partial waiver provisions in CJP § 5-524 and TA § 17-107(c). Any action for negligence

---

[2] "A local government may not be liable for punitive damages." CJP § 5-303(c)(1). With some exceptions, it may indemnify an employee for a judgment for punitive damages. *Id*. at (2)(i) and (ii).

4

against Officer Chindblom, as opposed to the County, would be governed by the LGTCA.

Finally, the LGTCA carries notice requirements, spelled out in CJP § 5-304, for any action brought pursuant to that statute. When an action is brought directly against a local government under CJP § 5-524 and TA § 17-107(c), however, the notice requirements of the LGTCA apply, even though the action is not brought under the LGTCA. *Williams*, 359 Md. at 394 ("[T]he LGTCA's notice requirement is applicable to actions authorized by other statutory waivers of governmental immunity such as the motor vehicle statute.").

## FACTS AND PROCEEDINGS

On September 12, 2017, Officer Chindblom was on duty in Montgomery County, driving a marked police cruiser. He was not responding to an emergency. Allegedly, he made a left turn in front of Mr. Linz's vehicle when Mr. Linz had the right-of-way, colliding with it. Mr. Linz suffered a broken ankle and other injuries in the accident.

Mr. Linz served a timely notice of intent to sue on the Montgomery County Executive, pursuant to CJP § 5-304. The Montgomery County Police Department was served with the same notice. Two years later, his lawyer and lawyers for the County engaged in settlement negotiations. Mr. Linz's lawyer sent a demand letter that, among other things, specified that Officer Chindblom was the person who had caused the accident. No settlement was reached.

On August 31, 2020, 12 days before the statute of limitations was going to expire, Mr. Linz filed a one-count complaint for negligence against the County in the Circuit

5

Court for Montgomery County. *See* CJP § 5-101 (general three-year limitations period for civil actions). He did not sue Officer Chindblom. The complaint identified Officer Chindblom as the driver who caused the automobile accident. The County filed an answer.

By the close of 2020, both parties had propounded and responded to written discovery. In its answer to an interrogatory requesting information about immunities or limitations on liability, the County referenced CJP § 5-524 and TA § 17-103.

In early February 2021, counsel for the parties renewed their settlement discussions. The County took the position that its maximum liability was $30,000. On February 11, 2021, in response to Mr. Linz's lawyer's request for an explanation for that stance, counsel for the County sent him a memorandum explaining the operation of the statutes discussed above.

The next day, Mr. Linz filed a motion for leave to amend his complaint, under Rule 2-341, to "substitute" Officer Chindblom for the County as the sole defendant in the case. He asserted: "It was recently brought to Plaintiff's attention that Montgomery County was inadvertently named as the Defendant in this action, though the intended Defendant tortfeasor was clearly Ofc. Chindblom." He requested "an order allowing the Plaintiff to correct this misnomer by filing an Amended Complaint substituting Montgomery County with Ofc. Chindblom[,]" arguing that the new complaint would relate back to the filing date of the original complaint, making it timely.

The County filed an opposition in which it argued that the relation back doctrine would not apply to Mr. Linz's proposed amended complaint and therefore any negligence

6

action against Officer Chindblom was time-barred. The motion was scheduled for a hearing. In the meantime, Mr. Linz's lawyer deposed Officer Chindblom. According to Mr. Linz, the officer admitted that he was at fault in the accident and testified that, in 2017, he had been advised by representatives of the County to be on the alert for a lawsuit arising out of the accident.

Without holding the scheduled hearing, the court issued a one-page order stating: "ORDERED, as Plaintiff seeks to add a party several months beyond the Statute of Limitations, Plaintiff's Motion for Leave to Amend Complaint is hereby DENIED[.]" Three days after the order was entered, Mr. Linz filed a motion for reconsideration, which the County opposed.

A hearing was held on the motion for reconsideration. After argument of counsel, the court ruled from the bench that the case did not involve a misnomer. Rather than seeking to correct a misnomer, Mr. Linz was attempting to add an entirely new party -- Officer Chindblom -- after limitations had run on the action against him, a situation to which the relation back doctrine does not apply. Given that the negligence claim against Officer Chindblom was time-barred, the court exercised its discretion to deny the motion for reconsideration. The court issued an order to that effect.

The parties then entered into a settlement agreement that was memorialized in a consent judgment. Among other things, the judgment stated that the County would pay Mr. Linz $30,000; Mr. Linz did not waive his right to appeal the orders denying his motions to amend the complaint and for reconsideration; the County would not contest Mr. Linz's right to appeal these orders; and the consent judgment is the final judgment in

the case. Mr. Linz filed a timely notice of appeal, asking whether the circuit court abused its discretion by denying his motion for leave to amend the complaint or motion for reconsideration.[3] We shall include additional facts as relevant to our discussion of the relation back issue.

## DISCUSSION

Rule 2-341(c) permits the amendment of a pleading for several reasons, including to "correct misnomer of a party," "add a party or parties," correct misjoinder or nonjoinder of a party, and "make any other appropriate change." It is well established that "[a]mendments shall be freely allowed when justice so permits." Md. Rule 2-341(c). *See Walls v. Bank of Glen Burnie*, 135 Md. App. 229, 236 (2000).

Ordinarily, once the applicable statute of limitations has run, a claim set forth in an amended complaint filed by a new plaintiff or against a new defendant will be time-barred. The relation back doctrine is a judicially developed exception to that general rule.[4] As applied to misnomers, it provides that when the original complaint was filed within the controlling limitations period and then, to correct a misnomer, an amended complaint is filed after the limitations period, the amended complaint is deemed to have

---

[3] During the pendency of this case in the circuit court, several discovery disputes arose, which resulted in Mr. Linz filing motions to compel and for sanctions. The court denied these motions. In the consent judgment, Mr. Linz preserved his right to challenge these rulings on appeal, and he has included such challenges in his brief. Because our disposition of the relation back issue renders Mr. Linz's appellate challenges to the discovery rulings issues moot, we shall not address them.

[4] Unlike Federal Rule of Civil Procedure 15(c), Rule 2-341 does not contain a relation back provision.

8

been filed when the original complaint was filed. *See Smith v. Gehring*, 64 Md. App. 359, 364 (1985). As we shall discuss, the relation back doctrine has been applied in other contexts as well.

A court's decision to grant or deny a motion to amend pleadings under Rule 2-341(c) is discretionary and, therefore, is reviewed on appeal for abuse of discretion. *Schmerling v. Injured Workers' Ins. Fund*, 368 Md. 434, 443-44 (2002). Likewise, the denial of a motion for reconsideration ordinarily is reviewed for abuse of discretion. *RRC Northeast, LLC v. BAA Maryland, Inc.*, 413 Md. 638, 673 (2010).

Mr. Linz contends as follows. The original complaint contained a "misnomer" as he "inadvertently" named the County as the defendant instead of Officer Chindblom. The relation back doctrine would apply to make his amended complaint timely because Officer Chindblom "had timely notice of his status as the intended defendant and of the underlying lawsuit within the limitations period" and "would not be prejudiced by the amendment." His letter to the County pursuant to the notice requirements of the LGTCA identified Officer Chindblom as the tortfeasor; Officer Chindblom must have participated in answering the interrogatories propounded to the County, as the facts recited in the answers were within his personal knowledge only; and Officer Chindblom acknowledged in deposition that he was told well before suit was filed that he probably would be sued. Officer Chindblom was the intended defendant, as he was the sole tortfeasor, and knew about the cause of action that could be brought against him before limitations ran. In this situation, the relation back doctrine would apply even if there was not a misnomer. Accordingly, the circuit court abused its discretion by precluding him from amending his

complaint to "substitute" Officer Chindblom in place of the County as the sole defendant in the case.

The County responds as follows. The original complaint did not contain a misnomer. Before suit was filed, Mr. Linz knew that Officer Chindblom, an employee of the County, was the driver of the vehicle that caused the accident. Mr. Linz did not sue the County instead of (or with) Officer Chindblom, by mistake. Rather, he failed to sue Officer Chindblom because his attorney thought the County could be liable for all damages caused by Officer Chindblom's negligence without his being made a party to the case.[5] Only after the County's lawyer explained that its direct liability could not exceed $30,000, and it could not be liable to pay a judgment against Officer Chindblom under the LGTCA because Officer Chindblom was not a party, did Mr. Linz seek to substitute Officer Chindblom for the County as the sole defendant. Mr. Linz did not make a showing that would support application of the relation back doctrine to his proposed amended complaint. Therefore, the circuit court did not abuse its discretion by denying Mr. Linz's motion to amend his complaint and motion for reconsideration.

## Relation Back Doctrine in Misnomer Cases

The relation back doctrine has been applied most frequently when there has been a misnomer in the original pleading. *Western Union Tel. Co. of Baltimore City v. State, to the Use of Nelson*, 82 Md. 293 (1896) ("*Nelson*") is a classic example. A young boy in

---

[5] In oral argument in this Court, counsel for Mr. Linz, who represented him below, candidly acknowledged that Officer Chindblom should have been sued in the original complaint.

10

Baltimore City died after touching a loose live wire hanging from a pole. Within the limitations period, suit was filed against Western Union Telegraph Company, a New York company. The company's manager in the State of Maryland accepted service.

Long after limitations had expired, the plaintiff learned that the named defendant did not own the pole in question; instead, it was owned by "Western Union Telegraph Company *of Baltimore City*," a Maryland company. *Id.* at 305 (emphasis added). Although the companies were separate legal entities, the person who accepted service not only was the general manager of the New York company for the State of Maryland but also was the president and manager of the Maryland company and the person who would have been served had suit been filed against the Maryland company.

Citing a misnomer, the plaintiff sought leave to amend the complaint to substitute the Maryland company for the New York company as the defendant. Counsel asserted that he mistakenly had thought that the Western Union Telegraph Company was the correct name of the business entity that owned the pole in question and had not realized that the correct name of the business entity that owned the pole was that same name with the words "of Baltimore City" added. The circuit court exercised its discretion to allow the complaint to be amended to substitute the Maryland company as the defendant and later rejected a statute of limitations defense raised by the Maryland company.

On appeal after a plaintiff's verdict, the Court of Appeals affirmed, holding that the circuit court properly had exercised its discretion to allow the amendment, not to add a new party, but to correct a misnomer in the name of the party sued. The Court reasoned that the plaintiff had intended to sue the Maryland company but had sued the New York

11

company by mistake, and that, because the original summons was served on a person who was an officer of both companies, the Maryland company had been on notice of the suit from the time it was filed and would not suffer any prejudice from the amendment. Consequently, the relation back doctrine applied so that the amended complaint was deemed to have been filed when the original complaint was filed, which was within the limitations period. *See also McSwain v. Tri-State Transp. Co.*, 301 Md. 363, 370-71 (1984) (designation of Tri-State Trucking as defendant instead of Tri-State Transportation in original complaint was a misnomer; relation back doctrine applied to amended complaint against Tri-State Transportation because, even though it had not been named in the original complaint, its resident agent had been served, and therefore it had knowledge of the claim within the limitations period).

Likewise, in *Smith v. Gehring*, 64 Md. App. 359 (1985), this Court held that the relation back doctrine applied to an amended pleading correcting a misnomer in a writ of execution on a judgment. The defendant in the writ was the guardian and next friend of Jamie Smith, a minor, instead of Ms. Smith herself. The guardian responded that she had no interest in the property. By then, limitations had run. The plaintiff filed an amended writ against Ms. Smith, who moved to dismiss on the ground that it was time-barred, arguing that the relation back doctrine did not apply. After making factual findings that it was "dealing with a case of misnomer" and that Ms. Smith was the intended defendant, the court allowed the amendment. *Id.* at 367.

Affirming, we explained: "Where an amendment merely corrects the name of an original party, but does not add a new party, the [relation back] doctrine is applicable. But

12

if a totally new defendant is added, the doctrine of relation back does not apply." *Id.* at 364 (citations omitted). We held that the record contained sufficient facts to uphold the court's factual findings, including that there was a misnomer, under the clearly erroneous standard. In reaching that conclusion, we addressed two other "critical factors" that had been discussed in *Nelson* and *McSwain*: who was the proper, intended defendant and did that person have notice of her intended status as a defendant during the limitations period. We pointed out that Ms. Smith clearly was the intended defendant, even though she was sued through her guardian and next friend, and that during the limitations period she was on notice of her intended status as a defendant.

On a far more complicated and confusing set of facts, in *Williams v. Hofmann Balancing Techs., Ltd.*, 139 Md. App. 339 (2001), we held that the relation back doctrine applied to the correction of a misnomer in the name of a corporate defendant alleged to have sold a tire-changing machine at the center of a product liability claim. The plaintiff, who was injured while using the machine at a service station, which owned it, filed two suits, in two different counties. First, he sued the service station, which filed and served a third-party complaint against Perfect Equipment Corporation, t/a Hofmann U.S.A., alleging that it had manufactured the machine. Then, shortly before limitations expired, the plaintiff sued a distributor of the machine as well as Perfect Hofmann U.S.A. and Hofmann Balancing Techniques (later amended to Hofmann Balancing Techniques, Ltd.), allegedly the sellers. The distributor filed a third-party complaint against Perfect Equipment Corporation t/a Hofmann U.S.A. and the service station. The two suits were

13

consolidated in one county and the claim against the service station was settled and dismissed.

Perfect Equipment Corporation ceased being a party when the court granted an unopposed motion to dismiss against the distributor. After that, the corporate designee of Perfect Hofmann U.S.A. testified in deposition that Perfect Hofmann U.S.A. did not exist when the tire machine was sold, and that the tire machine had been sold by Perfect Equipment Corporation. It turned out that Perfect Equipment Corporation and the two other entities - - Perfect Hofmann U.S.A. and Hofmann Balancing Techniques, Ltd. - - were related but not the same. The latter two updated their already-pending motions for summary judgment to assert that neither one had sold the machine and submitted amended affidavits correcting prior statements that implied that Perfect Hofmann U.S.A. had been the seller.

At that point, and after the limitations period had expired, the plaintiff filed an amended complaint to bring Perfect Equipment Corporation back in the case. Perfect Equipment Corporation filed a motion to strike the amended complaint, on limitations, which was granted. (Summary judgment was granted for the two defendants on the ground that neither was the seller of the machine.)

On appeal, this Court concluded that the plaintiff's amended complaint against Perfect Equipment Corporation corrected a misnomer in the name Perfect Hofmann U.S.A., one of the previously alleged sellers of the machine, and that the relation back doctrine applied to make it timely. We observed that it was clear the plaintiff had intended to sue the seller of the machine, which turned out to be Perfect Equipment

14

Corporation, not the related and similarly named entities Hofmann Balancing Techniques, Ltd. and Perfect Hofmann U.S.A., and, when Perfect Equipment Corporation's lawyers were served with the third-party complaint against it in the first case, before limitations ran, Perfect Equipment Corporation received notice of the plaintiff's intent to sue it as the seller of the machine. We held that the circuit court had abused its discretion by granting the motion to strike the amended complaint and vacated the judgment as to Perfect Equipment Corporation. (We affirmed as to the two non-sellers.)

*Talbott v. Gegenheimer*, 237 Md. 62 (1964), is a clear example of the relation back doctrine *not* applying. The plaintiff was injured in a two-car accident. Within the limitations period, she sued a man she alleged was the driver of the other car. After limitations expired, the plaintiff amended her complaint to add the defendant's wife as a defendant, alleging that she, not her husband, was the driver of the other car. The amendment was permitted but summary judgment immediately was granted in favor of the wife based on limitations, on the ground that the relation back doctrine did not apply. Ultimately the case went to the Court of Appeals, which affirmed. "This was not the case of a mere misnomer," the Court said. *Id*. at 63. The defendant's wife "is obviously an entirely new party, who was not charged with liability on any theory in the first [complaint]." *Id*. at 63-64.

In the years since *Talbott* was decided, this Court has published several opinions holding that the relation back doctrine did not apply because the amendment sought was not to correct a misnomer but to add a new party after limitations had expired. In

15

*Hansberger v. Smith*, 229 Md. App. 1 (2016), the plaintiff in a premises liability action filed an amended complaint after limitations had expired, adding defendants. In affirming the dismissal of those claims, we stated: "[The plaintiff] was not correcting a misnomer of a defendant who already had notice of the suit. Instead, he sought to add several new defendants - - parties that, with due diligence, he could have included in his original complaint." *Id*. at 23-24. Citing *Talbott*, we made clear that "[a] plaintiff is not permitted to add a new defendant to a case after the limitations period has expired *except to correct the name of a defendant*." *Id*. at 23 (emphasis added).

Similarly, in an alternative holding in *Ferguson v. Loder*, 186 Md. App. 707 (2009), we concluded that the relation back doctrine did not apply to an amended complaint filed against the State of Maryland, the defendant's employer. The plaintiff filed a timely automobile tort action against a state employee. The State was not named in the complaint, and the defendant was not identified as a state employee. The defendant moved to dismiss based on qualified immunity under the Maryland Tort Claims Act (MTCA), Md. Code (1984, 2021 Repl. Vol.) §§ 12-101 through 12-110 of the State Government Article (SG). Then, after the time for filing suit established by the MTCA had expired, the plaintiff amended her complaint to add the State as a defendant. The circuit court dismissed the claim against the employee based on qualified immunity, and then dismissed the claim against the State based on limitations. On appeal, the plaintiff contested only the latter ruling.

Addressing the issue of relation back, we held: 1) the doctrine does not apply to a claim under the MTCA because filing suit within the statutory period is a condition

16

precedent, not a statute of limitations, and failure to satisfy the condition precedent extinguishes the right to sue; *but* 2) if the MTCA's timing requirement is a statute of limitations, not a condition precedent, the relation back doctrine still would not apply because the amended complaint did not correct a misnomer. Instead, it added an entirely new party - - the State - - a separate legal entity from its employee.

In two cases, this Court either determined by implication or assumed that there was a misnomer but nevertheless held that the relation back doctrine did not apply.  In *Warfel v. Brady*, 95 Md. App. 1 (1993), the personal representative of the estate of a decedent who was killed in an assault by a man named Robert Brady filed a timely suit against "Robert Bray," the incorrect name of the assailant. As it turned out, Mr. Brady had died in the meantime, and for obvious reasons, the complaint never was served. After the statute of limitations had run, the plaintiff filed an amended complaint against the personal representative of Robert Brady's estate. The plaintiff argued that the amended complaint should relate back to the filing date of the original complaint because of the misnomer in Robert Brady's name in the original complaint. Rejecting that argument, we stated: "Whether an amendment of a misnomer should be permitted depends upon whether the correct person, however misnamed, was put on notice of the pending suit." *Id*. at 11. There was no evidence that the personal representative of Mr. Brady's estate had been made aware of the original complaint at any time before the amended complaint was filed. In the circumstances, application of the relation back doctrine would be "unjust[.]" *Id*. at 12.

17

In *Nam v. Montgomery County*, 127 Md. App. 172 (1999), in the Health Claims Arbitration Office (HCAO), the plaintiffs filed a medical malpractice action against Montgomery County, a hospital, and a doctors' professional association.[6] A week before limitations ran, they amended their statement of claim to include the treating clinician as a defendant under the name "John Doe." The following year, they learned that the clinician was Lizzie James, a nurse, but did not amend their statement of claim to add her as a defendant or try to serve her with the John Doe statement of claim. Three months after Ms. James's identity became known, all the parties except John Doe waived arbitration and the HCAO transferred the case to the circuit court. Concerned that the waiver was ineffective, as at that time all parties had to agree to it, the plaintiffs dismissed John Doe with prejudice from the circuit court case. Soon thereafter, they filed an order of dismissal with prejudice as to the hospital and professional association, leaving Montgomery County as the sole defendant. Montgomery County moved to dismiss based on governmental immunity.

The next month, which was several months after limitations had expired, the plaintiffs filed an opposition to that motion, a motion to stay, and an amended statement of claim in the HCAO, substituting "Lizzie James" for "John Doe." The HCAO dismissed the claim based on limitations, ruling that the relation back doctrine did not apply. The plaintiffs challenged that decision, unsuccessfully, in the circuit court. The

_____

[6] The HCAO later was renamed the Health Care Alternative Dispute Resolution Office. CJP § 3-2a-03.

court then granted Montgomery County's motion to dismiss based on governmental immunity, and an appeal followed.

This Court affirmed. Although not directly addressing whether there had been a misnomer, we treated the filing of a "John Doe" complaint as a misnomer situation. We focused on the two "critical factors" emphasized in *Smith v. Gehring*: "'(1) who, on the facts of the case, was the appropriate defendant, and (2) whether that party had notice of his, or her, or its, intended status as defendant within the limitations period.'" *Id.* at 186 (quoting *Smith*, 64 Md. App. at 365). We observed, first, that although it seemed initially that the plaintiffs intended to sue the treating clinician (later known to be Ms. James), their dismissal with prejudice of John Doe as a party defendant in the circuit court and their substantial delay in amending their statement of claim in the HCAO to add Ms. James as a party cast doubt on that intention. Indeed, the plaintiffs only became interested in adding Ms. James as a defendant once Montgomery County raised the defense of governmental immunity. Second, we noted that there was no evidence that Ms. James ever received notice of the claim against her during the three-year limitations period, and held that notice to Montgomery County, her employer, was not notice to her. Accordingly, even if the use of "John Doe" for Ms. James was a misnomer, the amended statement of claim did not relate back to the filing date of the original statement of claim.

### Relation Back Doctrine in Non-Misnomer Cases

As Mr. Linz points out, there are Maryland cases not involving misnomers in which the relation back doctrine has been applied. The most frequently cited is *Crowe v. Houseworth*, 272 Md. 481 (1974), a compulsory joinder case. After one of eleven joint

tenants of property filed a timely suit for trespass, the defendant raised a preliminary objection that all joint tenants were required to be parties. The court granted the motion, even though the plaintiff proffered that the other joint tenants could be joined, but by then limitations had run. The court dismissed the action. Ultimately, the Court of Appeals reversed, holding that the joinder of additional necessary plaintiffs in an action that was timely filed to begin with should have been allowed. The Court explained that the addition of the other joint tenants would relate back to the filing of the original complaint because it would not increase the damages recoverable. "[N]either the gravamen of the action nor the measure of damages will in any way be affected" by the amendment. *Id*. at 485.

Almost twenty years later, in *Grand-Pierre v. Montgomery County*, 97 Md. App. 170 (1993), we distinguished application of the relation back doctrine in the context of required joinder from its application in the context of misnomer. The plaintiff in *Grand-Pierre* was a passenger in a vehicle involved in an automobile accident with a vehicle owned by Montgomery County. Within the three-year limitations period, he sued Montgomery County for injuries sustained in the accident. After limitations had run, Grand-Pierre, who was in the same car as the plaintiff, moved to intervene as a plaintiff, seeking damages. The court denied the motion and an appeal followed.

We recognized that the motion to intervene was, in effect, a motion to amend the original complaint to add a new plaintiff after the statute of limitations had expired. We noted that "absent [a] misnomer, relation back is not permitted when an amendment is sought to add a new defendant" but case law addressing the issue of adding a new

20

plaintiff was "sparse." *Id.* at 176 (citations omitted). We pointed out that, in *Crowe*, there wasn't a misnomer, but the relation back doctrine applied because joining the necessary plaintiffs would allow the original plaintiff to recover and would not result in an increase in recoverable damages. We explained:

> Unless the additional plaintiff will merely be sharing in the damage award, and not "pyramiding" the original amount requested, relation back will not be applied so as to allow a plaintiff to side step a defense of limitations.

*Grand-Pierre*, 97 Md. App. at 178.

We found this analysis to be supported by *Morrell v. Williams*, 279 Md. 497 (1976), in which a mother timely sued two defendants for the wrongful death of her son, and then, after limitations had run, filed an amended complaint adding a wrongful death claim on behalf of the decedent's child. The Court of Appeals held that relation back did not apply because the new claim "did not merely relate to the manner in which the total amount of recovery originally claimed would be divided, but to an additional amount of recovery." *Id.* at 508. We concluded in *Grand-Pierre* that because joining an additional plaintiff after limitations had run would have subjected Montgomery County to "additional liability[,]" the circuit court properly denied the motion to intervene. 97 Md. App. at 178-79.

More recently, in *Morton v. Schlotzhauer*, 449 Md. 217 (2016), the Court of Appeals explained that after *Crowe*, with the adoption of Rule 2-201, the relation back doctrine was "broadened…to allow for the substitution, as well as joinder, of a party to relate back to the filing of the original complaint." *Id*. at 244 (footnote omitted). In relevant part, that Rule, entitled "Real Party in Interest," states:

21

> [With exceptions not applicable] [e]very action shall be prosecuted in the name of the real party in interest…No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for joinder or substitution of the real party in interest. *The joinder or substitution [of the real party in interest] shall have the same effect as if the action had been commenced in the name of the real party in interest.*

Md. Rule 2-201 (emphasis added).

In *Morton*, the plaintiff brought an automobile tort action after she had been given a discharge in bankruptcy without having disclosed the potential claim. The defendants moved for summary judgment on the ground that she lacked standing, as the tort claim still belonged to the trustee in bankruptcy. The plaintiff returned to bankruptcy court, and the court issued an order ruling the claim exempt. Unaware of that, the circuit court granted summary judgment. In a motion for reconsideration, the plaintiff sought leave to file an amended complaint. By then, limitations had expired. The court denied the motion without explanation.

Agreeing with this Court, *see Schlotzhauer v. Morton*, 224 Md. App. 72 (2015), the Court of Appeals reversed. Although the circuit court had not explained its decision, the Court of Appeals presumed that it had concluded that the bankruptcy court's action in deeming the claim exempt was without legal effect or that the plaintiff would have to file a new complaint outside of the period of limitations. The Court held that the bankruptcy court's order had retroactive effect but, even if it did not, the plaintiff was the real party in interest in the case and, under the language of the last sentence in Rule 2-201, her proposed amended complaint would have related back to the filing date of her original complaint.

22

The *Morton* Court cited *Zappone v. Liberty Life Ins. Co.*, 349 Md. 45 (1998), as an example of the relation back doctrine applying to the substitution of a real party in interest. There, a business owner timely sued an insurance agent, his agency, and an insurance company for fraud and negligent misrepresentation based on assurances the agent had given about a policy the business owner purchased to fund his retirement. One such misrepresentation was that interest on a loan the business had obtained to pay for the purchase premium could be deducted on the business's corporate tax return. Among the damages the business owner sought to recover was the loss of the business's expected interest deductions. After limitations had run, the business owner filed an amended complaint, adding the business as a plaintiff in new counts seeking to recover the same damages, *i.e.*, the loss occasioned by the business's "inability to deduct, on its corporate tax returns, the interest paid on its loan[.]" *Id.* at 56. The circuit court ruled that the amended complaint did not relate back to the filing date of the original complaint and dismissed the counts brought by the business for being time-barred.

Eventually the case reached the Court of Appeals, which reversed, holding that the relation back doctrine applied. It emphasized that the damages the business was seeking to recover in the amended complaint were identical to some of the damages the business owner was seeking to recover in the original complaint. The new counts "merely substituted" the business for the business owner "as the proper plaintiff with regard to those allegations[,]" *id*. at 69, and "clarified the allegations of the initial complaint by more precisely stating the proper plaintiff who was injured by the defendants' allegedly fraudulent and/or negligent conduct." *Id*. at 70. The Court noted that the defendants

23

knew, when the original complaint was filed, that the business, not its owner, had suffered the loss of the tax deductions for interest paid on the loan; nevertheless, they chose not to move to dismiss for failure to join the business as a necessary party.[7]

## Analysis

### 1. There was no misnomer.

From the Middle French "to misname," misnomer means "the misnaming of a person in a legal instrument" or, more generally, "the use of a wrong or inappropriate name[.]" *Misnomer*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/misnomer. Mr. Linz's complaint identified "Defendant Montgomery County" as a "municipal entity in the State of Maryland" and "Michael Chindblom" as a "law enforcement officer" "employed…by Defendant Montgomery County." Throughout the complaint, the County and Officer Chindblom were referred to separately, with "Montgomery County" being used to mean the County and "Ofc. Chindblom" being used to mean the police officer himself. Not surprisingly, Mr. Linz did not assert below, nor does he argue on appeal, that he or his lawyer thought, mistakenly, that the County and Officer Chindblom were factually one and the same. Obviously, they are not. Neither are they one and the same legally. *See Nam*, 127 Md. App. at 187 (notice of suit to employer did not serve as notice to employee); *cf. Ferguson,* 186 Md. App. at 727-28 (amended complaint added an entirely new party - - the State - - which is a legal entity separate

---

[7] By contrast, in *Stein v. Smith*, 358 Md. 670, 671 (2000), the Court held that the relation back doctrine did not apply when, after limitations had run, the owner of a defunct corporation substituted himself for the corporation in a pending suit.

from its employee).  Moreover, nothing in the wording of the complaint can be read as confusing the County with Officer Chindblom, referring to them interchangeably, or using one name in place of the other. The consistently separate references to the two are at odds with the words "Montgomery County" being used mistakenly or inadvertently instead of "Ofc. Chindblom."

This case is unlike *Nelson, McSwain*, *Smith*, or *Williams,* where the defendant that was sued was mistaken for the intended defendant due to a similarity in names or, in *Smith*, because one stood in the place of the other.  It is most like *Ferguson,* where the State employee was timely sued, but the State was not. As explained, our alternative holding in *Ferguson* was that if the time limitation in the MTCA were a statute of limitations, the amended complaint adding the State as a party would not relate back to the original complaint. There was no misnomer, and the State was a separate entity the plaintiff was attempting to add as a defendant after limitations had run.

The circuit court correctly determined on the undisputed facts that there was not a misnomer in the original complaint.

### 2. *Neither compulsory joinder nor real party in interest applied.*

Although Mr. Linz cites *Crowe v. Houseworth* to argue that the relation back doctrine can be applied in the absence of a misnomer, he does not make any showing that Officer Chindblom was subject to compulsory joinder, as were the newly added plaintiffs in *Crowe*.  The compulsory joinder Rule provides that, unless excepted by law, a person subject to service of process as a party must be joined,

if in the person's absence (1) complete relief cannot be accorded among those already parties, or (2) disposition of the action may impair or impede the person's ability to protect a claimed interest relating to the subject of the action or may leave persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations by reason of the person's claimed interest.

Md. Rule 2-211(a).

In the case at bar, as filed by Mr. Linz, the County could be vicariously liable for Officer Chindblom's negligence within the parameters of CJP § 5-524 and TA §§ 17-107(c) and 17-103. That is, if, at the time of the accident, Officer Chindblom was using a county-owned vehicle and acting within the scope of his employment, the County could be found liable for damages, but the maximum recoverable amount would be $30,000. If Mr. Linz also had sued Officer Chindblom and had obtained a judgment against him for compensatory damages for negligence, the County would have been responsible, *i.e.*, "liable," for paying that judgment up to a maximum of $400,000, under the LGTCA. CJP §§ 5-303(a)(1) and (b)(1).

None of that means that, without Officer Chindblom's presence as a party to this case, complete relief could not be accorded *among the existing parties* - - Mr. Linz and the County. Indeed, in the absence of Officer Chindblom, complete relief already has been accorded between them. The County has paid Mr. Linz the maximum amount for which it could be liable in a negligence action against it based on Officer Chindblom's use of a county-owned vehicle. The County has no payment responsibility under the LGTCA outside of there being a judgment for compensatory damages entered against the officer. Because Officer Chindblom does not have any claimed interest relating to the

26

subject matter of the action against the County, disposition of the action in his absence would not have (and did not have) any effect on his ability to protect such an interest. Nor would it leave the existing parties at any risk of incurring multiple or inconsistent obligations relating to an interest of his.

*Prince George's County v. Brent*, 414 Md. 334 (2010), a case with similarities to this one, makes clear that compulsory joinder did not apply to Officer Chindblom.  The plaintiff was injured in an automobile accident caused when a Prince George's County police officer ran a red light while driving a county-owned vehicle. He sued Prince George's County for negligence based on the officer's conduct, and a jury returned a verdict for $320,000 in damages. Pursuant to CJP § 5-524 and TA § 17-107(c), the court reduced the judgment to $20,000, the applicable mandatory minimum limits of insurance under TA § 17-103 at that time.

Still within the limitations period, the plaintiff filed a separate negligence action against the police officer, under the LGTCA. The officer moved to dismiss based on res judicata, collateral estoppel, and the immunity defense for emergency vehicles.  *See* CJP § 5-639(b)(1).  After the motions were denied, Prince George's County paid the $20,000 judgment in the first case subject to an agreement that the only issue for the jury would be the emergency vehicles immunity defense; if the jury found against the officer, a judgment would be entered for $200,000; and the $20,000 already paid would be credited against that amount. The jury rejected the defense and pursuant to the parties' agreement judgment was entered against the officer in the amount of $180,000.

27

Eventually the case reached the Court of Appeals, with the police officer arguing that the claim against him was barred by res judicata. In its analysis of whether the county and the officer were "privies," for purposes of that doctrine, the Court discussed joinder. 414 Md. at 342. Relying on the comments to § 51, *Restatement (Second) of Judgments* (Restatement), it explained that a plaintiff is not required to bring one suit against the primary actor *and* the person who is vicariously liable for the primary actor's conduct. *Id.* at 343-44 (The "'usual rules of joinder of parties'" do not require that such claims "'be maintained in a single action.'" (quoting Restatement § 51, comment b (emphasis omitted)). The claims are "'in important respects separate'" including that "'one of the obligors may be immune from suit while the other is not[.]'" *Id*. at 343 (emphasis omitted) (quoting Restatement § 51, comment b). If the claims are not brought in one action, issue preclusion would apply to a judgment entered as to the amount of damages, unless the two actions were governed by different rules on damages. Therefore, in a tort action, so long as a plaintiff's claim has not been satisfied, he or she can sue the person subject to vicarious liability, obtain a judgment, and then sue the primary actor - - or vice versa.

The *Brent* Court explained that this result follows from established Maryland law that "'an employee is not a necessary party to a suit against an employer on the theory of vicarious liability.'" *Id.* at 344 (quoting *Market Tavern v. Bowen*, 92 Md. App. 622, 640-41, *cert. denied*, 328 Md. 238 (1992)). As was settled in *Bernheimer-Leader Stores, Inc. v. Burlingame*, 152 Md. 284 (1927), the liability of a master and servant is joint and several. *Id.* at 345-46. A previous suit against one does not bar suit against the other. The

latter suit may proceed until the plaintiff is fully satisfied or elects to pursue one proceeding and abandon the other (or others).

Brent teaches that Officer Chindblom, unlike the joint tenants in *Crowe v. Houseworth*, was not a necessary party to Mr. Linz's action against the County. Indeed, within the limitations period, even after obtaining a judgment against the County, Mr. Linz could have brought a separate action for negligence against Officer Chindblom. This is consistent with the distinction this Court drew in *Grand-Pierre v. Montgomery County* between the plaintiff there, who was attempting to sue after limitations had run, and the plaintiffs in *Crowe*, who were joined after limitations had run. Officer Chindblom was not required to be a party for complete relief to be accorded between the existing parties; and because of the duty to pay judgments entered against employees imposed by the LGTCA, the addition of Officer Chindblom as a party to the case at bar after the limitations period would expose the County to "additional liability" beyond its exposure in the absence of Officer Chindblom. *Grand-Pierre*, 97 Md. App. at 178.

Nor did Rule 2-201, governing real parties in interest, apply to Mr. Linz's attempt to substitute Officer Chindblom for the County, as it did in the *Morton* and *Zappone* cases. For much of the same reasons that Officer Chindblom was not subject to compulsory joinder as a defendant in this case, he was not a real party in interest. Moreover, the real party in interest rule concerns who must prosecute an action: "Every action [except those expressly spelled out] *shall be prosecuted* in the name of the real party in interest[.]" Md. Rule 2-201(emphasis added).

### 3. The existence of "critical factors" alone would not support application of the relation back doctrine.

Notwithstanding that this case does not involve a misnomer, compulsory joinder of a necessary party, or substitution of real party in interest, Mr. Linz argues that if the "critical factors" discussed in several Maryland relation back cases exist, the doctrine should apply. With respect to the first factor, he maintains that because Officer Chindblom was the tortfeasor whose conduct caused the injuries, as alleged in the original complaint, he was the intended defendant. As to the second factor, Mr. Linz asserts that the facts developed in discovery show that during the three-year limitations period, Officer Chindblom knew about the potential negligence claim against him. Indeed, Officer Chindblom testified at deposition that a representative of the County told him to be on the look-out for a lawsuit.

The relation back doctrine was developed and has evolved as a judicial gloss on Rule 2-341(c), governing amendments to pleadings, and Rules 2-201 and 2-211, on real party in interest and compulsory joinder. In all the relation back cases addressing whether the newly added (or sought to be added) defendant was the intended defendant all along and was on notice of the claim before limitations expired, misnomer, compulsory joinder, or real party in interest had been established or assumed. Courts analyzed the "critical factors" in deciding whether, even though one of those Rules applied, it nonetheless would be unjust for the amended pleading to relate back to the original pleading. *See, e.g.*, *Nam, supra*, 127 Md. App. 172 (treated as misnomer, but relation back not applied because new defendant did not know of claim during limitations

30

period and it was unclear whether new defendant was the intended defendant); *Warfel, supra*, 95 Md. App. 1 (misnomer, but application of relation back doctrine would be unjust, because person who should have been sued had no notice of claim during limitations period). There are no Maryland relation back cases where addition or substitution of a new party was not based on misnomer, compulsory joinder, or real party in interest, but the relation back doctrine was applied, based solely on the critical factors. In other words, the factors, standing alone, have not been recognized as an independent ground for the relation back doctrine, as Mr. Linz would have us hold here.

Of course, Mr. Linz advances this argument because, to his way of thinking, Officer Chindblom always was the intended defendant in this case and knew about the claim during the three-year limitation period - - so the critical factors were satisfied. As to the knowledge factor, although the facts have not been fully developed, we agree it is likely Mr. Linz can show that Officer Chindblom was on notice of the potential claim against him during that period. As to the intended defendant factor, however, the undisputed facts do not tend to show it was Mr. Linz's intention all along to sue Officer Chindblom. Mr. Linz's assertion to the contrary relies upon language in the original complaint alleging that Officer Chindblom's conduct caused the accident. Neither that language, nor language to the same effect in the notice letter to the County pursuant to the LGTCA, aids his argument. It establishes that before limitations expired, Mr. Linz had full knowledge of the facts supporting an action for negligence against Officer

Chindblom; that during that time, he sued Montgomery County, the officer's employer; but during that same time, he did *not* sue Officer Chindblom.[8]

The only logical conclusion to be drawn from the above is that Mr. Linz's actions reflected his intentions. He intended to sue Officer Chindblom's employer (the County) and did so. He did not intend to sue Officer Chindblom and did not do so. This is not an unusual path to take in litigation, as the Court of Appeals explained in *Brent,* 414 Md. at 345-47 (discussing cases). And as we have explained, the County's vicarious liability for Officer Chindblom's negligence, under CJP § 5-524 and TA § 17-107(c), could be determined, and a judgment entered in Mr. Linz's favor, without Officer Chindblom being a party to the case. We conclude that the two critical factors, standing alone, are insufficient to support application of the relation back doctrine and, even if they were, the undisputed facts do not support a showing that Officer Chindblom was an intended defendant all along.

### 4. *There is no merit to the argument that in the circumstances, the relation back doctrine should apply because the statute of limitations serves no purpose.*

The immunities and statutory obligations affecting any judgment that would be entered against Officer Chindblom, as the tortfeasor, and the County, as his employer, set this matter apart from the usual negligence case involving primary and vicarious

---

[8] As discussed above, even though an action against the County for Officer Chindblom's negligence in driving his county-owned vehicle is *not* an action pursuant to the LGTCA, the County must be given the same notice of claim required by the LGTCA. Thus, providing that notice to the County does not evidence any intention to sue Officer Chindblom.

liabilities. Had this case been decided by a factfinder, a judgment on a verdict against the County for an amount exceeding $30,000 would have been reduced to that amount, as had happened in the first case brought in *Brent*, against Prince George's County. The County would have been shielded by governmental immunity from payment of any sum above $30,000. But if Officer Chindblom had been sued and a judgment for compensatory damages entered against him, the County would have been responsible to pay the judgment up to $400,000, under the indemnity provisions of the LGTCA, and governmental immunity would not have shielded it. By only suing the County and not suing Officer Chindblom, Mr. Linz lost the opportunity to obtain a judgment above $30,000 that the County would be responsible to pay. This is the outcome the plaintiff in *Brent* avoided by filing a second suit, against the police officer, after obtaining a judgment against Prince George's County in his first suit. That plaintiff's second suit was timely filed, however. Mr. Linz attempted to add Officer Chindblom as a defendant to regain this opportunity, but his proposed amended complaint was not filed within the limitations period.

What Mr. Linz perceives as unfairness in this situation underlies his argument that the protections the statute of limitations are designed to afford are not implicated here, and therefore the relation back doctrine should save his action against Officer Chindblom. He maintains that, because Officer Chindblom was the only primary tortfeasor in the accident and, as the developed facts likely will show, knew within the limitations period that he might be sued, he would not suffer any prejudice if the action against him were to go forward. In support, he quotes a passage from *Crowe*, stating that,

when a defendant has notice, "'the reasons for the statute of limitations do not exist," and, therefore, "a liberal rule [on relation back] should be applied.'" 272 Md. at 489 (quoting *New York Cent. & H.R.R. Co. v. Kinney*, 260 U.S. 340, 346 (1922)). In *Morton*, in discussing *Crowe*, the Court cited this passage with approval. 449 Md. at 244.

The plaintiff in *Kinney* was an employee of the defendant who was injured on-the-job in a train collision. 260 U.S. at 344. He sued the railroad company on facts that would support a claim under New York common law and workers' compensation statutes or a claim under the Federal Employers' Liability Act (FELA). After his case had dragged on for over seven years, and long after the FELA limitations period had expired, he amended his complaint to include the jurisdictional fact, for purposes of the FELA, that he and the company were engaged in interstate commerce at the time of the collision. Pointing out that the amendment made no change to the first-level facts alleged in the original complaint, that the defendant had known from the outset that the plaintiff was seeking recovery based on those facts, and that the facts supported a claim under the FELA, Justice Holmes, writing for the Court, concluded that the reasons underpinning the statute of limitations did not apply and the amended complaint should relate back.

*Kinney* plainly is distinguishable, as it did not involve the addition of a new party - - plaintiff or defendant - - after limitations had expired. And, as we have discussed, the relation back doctrine was applied in *Crowe* to add necessary parties without whom the original plaintiff could not recover at all; in *Morton* to allow the only real party in interest to pursue the claim she had attempted to bring within the limitations period; and in *Zappone* to allow recovery of damages by a real party in interest when the damages

34

already were being sought.  Officer Chindblom would have been a new and separate party to the case who was not subject to necessary joinder and was not a real party in interest. At bottom, Mr. Linz's argument is that when a person knows, during the limitations period, that an action may be brought against him or her, the defense of limitations should not apply.

This would be a radical departure from Maryland law on statutes of limitations that is not necessary in this case and, among other negative consequences, would undermine any obligation of diligence on the part of those pursuing causes of action.  In the past, Maryland courts have interpreted statutes of limitations to eliminate obvious unfairness in their application. The judicially adopted "discovery rule," delaying the time of accrual of a cause of action until the plaintiff is on inquiry notice of the wrong, so the cause of action will not become time-barred before suit can be filed, is an example. *See Poffenberger v. Risser*, 290 Md. 631 (1981).

Even in the face of the sort of potential unfairness *Poffenberger* was dealing with, limitations was not eliminated as a defense.  Here, within the three-year limitations period, Mr. Linz had full knowledge of the facts supporting an action for negligence against Officer Chindblom, sued his employer based on those exact facts, but failed to sue the officer when nothing prevented him from doing so.  He could have avoided the outcome he decries by diligence in understanding the controlling immunity laws.  This is not a situation that justifies a departure from the established Maryland law on statutes of limitations and, more specifically, on the relation back doctrine.

## CONCLUSION

We hold that there was not a misnomer in the original complaint as to the sole defendant, Montgomery County, that would justify application of the relation back doctrine; Officer Chindblom was not a necessary party or a real party in interest to the case against the County, so those bases for applying that doctrine did not exist; the existence, alone, of the critical factors discussed in some relation back cases - - intended defendant and knowledge of the potential action - - is not an independent basis for applying the doctrine; even if they were, Mr. Linz cannot show he intended to sue Officer Chindblom during the limitations period; and finally, the circumstances in this case do not justify disregarding the statute of limitations on fairness grounds.

**JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY AFFIRMED. COSTS TO BE PAID BY THE APPELLANT.**

The correction notice(s) for this opinion(s) can be found here:

https://mdcourts.gov/sites/default/files/import/appellate/correctionnotices/cosa/1289s21cn.pdf